IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 1 2005

JAMES W. McCORMACK, CLERK
By: _____
                                    DEP CLERK

CORNELIUS BENNETT, et al.,          )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )    CIVIL ACTION NO:
                                    )    3:04 CV 00291 SWW
                                    )    JURY DEMAND
                                    )
NUCOR CORPORATION, et al.,          )
                                    )
         Defendant.                 )

## MOTION TO COMPEL NUCOR YAMATO TO RESPOND TO DISCOVERY

Plaintiffs move to compel answers to discovery addressed to: (1) the similarity or typicality of their individual claims; and (2) the class certification discovery necessary to comply with the expert disclosures required by the Court's *Final Scheduling Order. See* Doc. no. 14. As grounds, plaintiffs state the following:

1.    Plaintiffs' counsel have consulted in good faith with the attorneys for the defendant in an effort to narrow or eliminate the current dispute before filing this motion. *See* F. R. Civ. P. 37(b).

2.    This case involves a putative class of black employees at two neighboring manufacturing plants. The current motion to compel is limited to the plant located in Blytheville, Arkansas. The named plaintiffs collectively seek to correct a racially hostile work environment and racially discriminatory selection and pay procedures, but do not seek certification of an across-the-board class as to other employment practices such as discipline or termination. *See Third Amended*

1

22

*Complaint*, ¶2.

3.     The Court's *Final Scheduling Order* requires plaintiffs' expert reports on class certification to be filed by May 18, 2005, which is just sixty days away. To comply with that schedule, plaintiffs served interrogatories shortly after such Scheduling Order was entered on November 18, 2004.    In order to secure the requisite expert report for class certification, plaintiffs have sought answers to interrogatories and document requests that address: (1) the computerized data on employee's job and pay histories and related documents that will allow the necessary statistical evidence to be compiled; and (2) the information and documents describing how defendant's selection and pay procedures operate and how they might vary from one department or supervisor to another.    The discovery requests sought to be compelled are Interrogatories 2, 6, 14, 15 and Request for Production and 2, 4, 5, 6,  7, 10(f), 11, 16, 18, 19, 21,  22, 23, 24 and 25.  Such discovery requests and defendant's objections are contained in Appendix A and B attached hereto.

4.     *Computerized Data Necessary To Establish Statistical Similarity And Commonality*: Plaintiffs need answers to production request no. 9 and interrogatory no. 2 in order to have the employment data necessary for an expert to compile the type of statistics needed for class certification by the Court's deadline of May 18, 2005.  Production request no. 9 asks for the computer data on employees necessary to compile the requisite statistics — employees' race, job and pay history, promotions, training, education, performance evaluations, qualifications, discipline and termination.  Interrogatory no. 2 requests a "list" of what is  maintained by the computerized data. The requested information is needed for the named plaintiffs to show that they are typical of other class members for purposes of Rule 23(a)(3), that there are common questions of fact or law between their claims and those of the putative class for purposes of Rule 23(a)(2), and that they are members

of, and adequate representatives for, the putative class for purposes of Rule 23(a)(4).   Such discovery does not require the Company to compile any statistics on their own, but to merely provide the underlying computer data on employees that is essential for plaintiffs to compile the necessary statistical comparisons to show that class members are affected by a common pattern and practice across departmental lines.[1]

5.      This Court and others have recognized that statistics are helpful in deciding whether to certify a class in an employment discrimination action. *See e.g. Robinson v. Sears Roebuck*, 111 F.Supp.2d 1101, 1120-23 (E. D. Ark. 2000)("In any case, such evidence, when considered with the affidavits and statistical evidence of record, is sufficient to raise an inference of a common question of pattern and practice and leaves no doubt that there are questions of law or fact common to the class."); *Paxton v. Union National Bank*, 688 F.2d 552, 560-61 (8th Cir. 1982)(Examining promotion and pay statistics in deciding numerosity requirement for class certification); *Donaldson v. The Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977) (holding that plaintiff satisfied Rule 23's requirement by showing "discrimination based on patterns and practices not special or unique to herself and has made a showing that a significant number of other members of the class have been similarly victimized by the same patterns and practices."); *see also id.* at 832 (reversing denial of computerized employment data: "In order to present her pattern and practices claims, she sought to obtain a computer readout or tape which would disclose the employees at Pillsbury headquarters

---

[1] Plaintiffs also seek to compel answers to other interrogatories and document requests related to parallel statistical documents on the same grounds as argued above for production request no. 9 and interrogatory no. 2, specifically: (1) the "job postings" asked for in production request no. 7; (2) the computer codes and file layouts in production request no. 11; (3) the "promotion application log" in production request no. 23; and (4) the "applicant flow logs" in production request no. 24. *See* Appendices A and B attached for such discovery requests and defendant's objections thereto.

during the applicable period by name, race, sex, job and pay.").

6.    Defendant has objected to the requested discovery on the ground that employees in departments of the plant other than the ones where plaintiffs worked are not "similarly situated." This Court rejected similar objections to discovery beyond the named plaintiffs' own department in the attached unpublished decision in *Robinson v. Sears Roebuck & Co.*, No. LR-C-98-799. The *Robinson* plaintiffs argued that the requested computer information was necessary for them "to perform a statistical analysis in order to prepare the motion for class certification." *Robinson, supra*, Order entered August 13, 1999 at 2-4 (*Robinson* Doc. no.22).    Sears' opposition to the motion to compel in that case made the same argument as here — that information "about employees in other job categories is irrelevant to both class certification and the merits." *See Robinson* Document no. 20 at 9. The Court summarized Sears' objection as follows:

> Sears states that a statistical analysis will have no bearing on whether the prerequisites for class certification under Fed.R.Civ.P. 23 can be satisfied . . . Sears goes on to object to plaintiffs' discovery requests on the grounds that those requests seek detailed information about employment practices not challenged by the named plaintiffs, Sears locations where none of the named plaintiffs or responsible decision makers ever worked, . . ., and employee classifications having dissimilar job duties and different compensation plans than the named plaintiffs.

*Robinson, supra*, Order entered August 13, 1999 at 2-4 (*Robinson* Doc. no.22).  The objection was denied insofar as it sought to prevent production of computerized data for employees in jobs and departments other than the ones in which the plaintiffs worked.  *Id.*

7.    Defendant's objection that employees are not "similarly situated" unless they worked in the same departments as the named plaintiffs is also inconsistent with the Eighth Circuit's standards for deciding whether plaintiffs share "common" questions of law or fact. The Court held

that to be "common" with one another, employees need not be "identically situated":

> The rule does not require that every question of law or fact be common to every member of the class, and may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.
>
> * * *
>
> Obviously, the bank's allegedly discriminatory promotion procedures will affect individual employees in different ways because of their diverse qualifications and ambitions. These factual variations are not sufficient to deny class treatment to the claims that have a common thread of discrimination.

*Paxton v. Union National Bank*, 688 F.2d 552. 561 (8th Cir. 1982)(citations omitted)

Defendant's "similarly situated" argument is also at odds with this Circuit's standard for deciding whether the plaintiffs are typical of one another.

> This requirement is generally considered to be satisfied 'if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory.'
>
> * * *
>
> Much of the evidence relevant to the individual claims, such as that relating to the subjective nature of the promotion decisions and the bank's failure to post vacancies, will be proffered to prove the class claims as well. Typicality is not defeated because of the varied promotional opportunities at issue, or the differing qualifications of the plaintiffs and class members.

*Paxton*, 688 F.2d at 562 (8th Cir. 1982); *see also Donaldson v. Pillsbury*, 554 F.2d at 831 (8th Circuit holding: "When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment.").

8.   Nucor Yamato's argument that employees in different departments are not "similarly situated" begs the relevant question at the discovery stage of a case. The point of the requested discovery is to address the very question raised by the objection and to establish *what* similarities

and dissimilarities actually exist and the degree to which similarities may outweigh the dissimilarities. Nucor Yamato's objections would foreclose the Court's consideration of such factual issues by refusing to disclose the information necessary to determine which employees are similarly situated within the context of Rule 23's typicality and commonality requirements. Although it is certainly true that plaintiffs must eventually show they are sufficiently similar, "it does not follow that a Title VII plaintiff must meet this standard as a condition of securing discovery." *Waters v. U. S. Capital Police Bd.*, 216 F.R.D. 153, 158 (D.D.C. 2003). "That would require a plaintiff to square the circle by having to establish, for example, that her situation is nearly identical to that of other employees in order to discover whether her situation is sufficiently similar to that of other employees." *Id.* To impose such a circular requirement "obliterates the difference between relevant evidence and 'relevant information' that Fed. R. Civ. P. 26(b)(1) creates." *Id.* Rather than defendant's mere opinion about what the requested facts and data might eventually show regarding plaintiffs' similarity, the underlying information itself should be disclosed so that everyone, including the Court, can judge for themselves whether plaintiffs are sufficiently similar to satisfy the typicality, commonality and adequacy of representation requirements of Rule 23(a). *See e.g. Barnett v. The Boeing Co.*, 2000 WL 1477185 *1 n.2 (D.Kan. 2000) ("Boeing's arguments that the motion to compel should be denied because it will ultimately win on the disparate impact claim are unusual, to say the least.").

9.      There are at least three factual situations for which the requested computer data may show that departmental distinctions are not important. First, the requested employee data may show a common statistical pattern. Second, the discovery may show that similarities between departments outweigh any dissimilarities. Third, the named plaintiffs' own claims involve job opportunities lost

in departments other than their own, making them subject to the same employment practices as employees in other departments even if discovery were to eventually show that such practices vary to some degree by department or other organizational unit. *Reed v. Arlington Hotel Co., Inc.*, 476 F.2d 721, 723 (8th Cir. 1973)("The statistics which show segregated departments and job classifications establish a violation of Title VII."). The departmental and other restrictions unilaterally imposed by the defendant leave the data so truncated that the factual inquiries demanded by Rule 23 can't be addressed. Production of computer data for all departments is no more onerous, and perhaps less so, than the computer data subdivided by department that the defendant has offered to produce.

10.    Defendant waived objection to production of computerized data kept in the regular course of business by not disclosing or preserving such objections as part of the *Joint Rule 26.1 Report* filed with the Court nearly four months ago on November 12, 2004. *See Parties Joint Rule 26(f) Report*, ¶4(a-b) (Doc. no. 11).  The apparent purpose of such Local Rule is to identify and resolve limitations, objections and other problems related to the production of computer data at an early stage of the lawsuit.  Defendant's failure to comply with such requirement prejudices the plaintiffs' ability to secure the necessary expert report on class certification and has unduly delayed and obstructed the discovery process.

11.    Thus, for all the foregoing reasons, plaintiffs need the requested computerized data and related documents in order to properly prepare for the class certification issues set forth in the Court's *Scheduling Order* of November 18, 2004.  Doc. no. 14.  Such information is also necessary for the named plaintiffs' individual claims.  Even if class certification is eventually denied, the discovery of employee data allowing statistics and other comparative evidence to be compiled will

still be relevant and admissible on plaintiffs' individual claims. *See e.g. McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-805 (1973) (stating that statistics as to employer's "employment policy and practice may be helpful" in establishing pretext). As held by another court in this Circuit:

> It is well settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation. Statistical data is relevant to establishing an employer's pattern of conduct and may facilitate a determination as to whether the employer has discriminated against a particular individual as well as an entire class. Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive.

*Lyoch v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 62, 66 (E.D. Mo. 1995) (internal quotation marks omitted; quoting *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir.1990); *see also Gatewood vs. Stone Container Corp.*, 170 F.R.D. 455, 458 (S.D. Iowa 1996)("The Court in general agrees with plaintiff that when racial discrimination in a promotion decision is claimed, information concerning the racial composition of defendant's workforce, the qualified applicants for managerial positions, and defendant's attitude and efforts to hire and promote minorities generally, are discoverable."); *Jensen v. Astrazeneca, L.P.*, 2004 WL 2066837 *2 (D. Minn. 2004) ("Additionally, as plaintiff noted, broad information from which statistical data can be drawn is relevant to a showing of pretext."); *Barnett v. The Boeing Co.*, 2000 WL 1477185 * 1 (D.Kan. 2000) ("Even if plaintiff's disparate impact theory is eventually dismissed, his claim for disparate treatment remains and statistical evidence may be relevant to prove or disprove pretext in a disparate treatment case.").

    12.   <u>*Selection and Pay Procedures and Variations By Department*</u>: The second category of information needed for class certification and plaintiffs' individual claims is the discovery

directed to how defendant's selection and pay procedures operate and whether they vary from one department of the Blytheville plant to another, particularly interrogatories 6, 14 and 15 and document requests 5, 7, 16, 18, 19, 21 and 22. Appendices A and B contains such discovery requests and defendant's objections. Interrogatory no. 6 addresses defendant's contention that employees in different departments and under different supervisors are subject to "unique" policies, practices, procedures and criteria. Such interrogatory seeks to show that there are common testing and interview procedures by asking the defendant to "[i]dentify any test, examination, scored interview or assessment center process [used in] hiring, transfer, promotion, evaluation or review." *See* Appendix A attached hereto. Interrogatories nos. 14 and 15 seek similar information about how defendant's selection procedures operate and to what extent they may vary from department to department or supervisor to supervisor. Such interrogatories ask whether defendant contends that such procedures and criteria are "subjective" and, if so, to "describe . . . which selection procedure [and] criteria have been applied by each decisionmaker or organizational unit" and "how each aspect of such procedures [or] criteria . . . varies from that applied by other decisionmakers or organizational units." Interrogatory 15 follows up by asking whether such selection procedures and criteria are "unique to [each] unit or decisionmaker." *See* Appendix A attached hereto. Production request nos. 5, 16 and 18 ask for defendant's selection and pay procedures and criteria; production request no. 7 seeks "job postings;" production request no. 19 seeks job descriptions and qualifications; production request no. 21 asks for job analysis and validation studies related to selection and pay procedures and criteria; and production request no. 22 seeks promotion, pay and performance "guidelines." *See* Appendix B attached.

13.    The interrogatories and document requests attached in Appendix B address the facts

and data necessary to eventually make findings on the commonality and typicality requirement of of Rule 23. Such discovery also addresses defendant's central contention regarding class certification — that selection and pay procedures might vary sufficiently by department or supervisor that there are no common questions of fact or law for the plant as a whole. The actual facts and data addressing this contention are needed, not just a bald assertion included in an objection to disclosing such facts or data. As already shown above, discovery is necessary before the court can determine if defendant's view of the evidence is the correct one. The requested discovery is directed at the very issues of fact that *Rule 23* requires to be addressed on the basis of an adequately developed factual record. Mere objections to discovery are not the proper point at which to decide such issues. Defendant's objections assume the very fact at issue — whether the employees in other departments of the local plant are "similarly situated" to the named plaintiffs.

14.     Defendant has objected to such discovery on the same ground as for the computer data already discussed above, saying that they will provide information on their selection procedures only for positions similar in pay and requisite experience level needed as those bid upon by plaintiffs, in the same Departments as those bid upon by plaintiffs, involving the same decisionmakers as plaintiffs. Such restrictions make it impossible, by definition, to compare plaintiffs' department and jobs sought to other jobs and departments. Knowing about just one segment of jobs leaves nothing to compare to for purposes of deciding whether other departments' and jobs' selection procedures are similar to those of plaintiffs or otherwise involve common questions of law or fact.

15.     In order to address defendant's contention that "individualized decisionmaking" is the norm and that there are no similarities from one department or supervisor to another, it is also necessary to have the documents and data about such decisionmaking sought in production requests

10

nos. 2, 3, 4, 6, 7, 10(f) and 27. *See* Appendix B attached for such requests and defendant's objections. Collectively, these items request computer data or other documents showing who was considered for particular job opportunities[2], how such positions were filled[3], why[4] and by whom.[5] Such inquiries go directly to the actual operation of the contested selection and pay procedures and will show the degree to which there are significant differences from one supervisor or department to another.

16.    *Failure To Answer Discovery For Which No Objection Was Interposed*: Defendant has not objected to the interrogatories and document requests addressed in this motion insofar as the named plaintiffs and other employees within the narrow ambit discussed above. *See* objections in Appendices A and B attached.   For example, interrogatory no. 2 requests defendant to "list" the computerized information kept on the named plaintiffs as well as the other employees of the plant at which they work.   *See* Appendix A hereto.   Defendant *did not object* to answering the interrogatory for the named plaintiffs or other employees who sought the same jobs in the same department and under the same supervisor as the plaintiffs.   The Rules require that an objecting party "answer to the extent the interrogatory is not objectionable."   F. R. Civ. P. 33(b)(1).[6]   There is no

---

[2]   *See* production requests 2, 3 and 7 in Appendix B.

[3]   *See* production requests 4 and 6 in Appendix B.

[4]   *See* production requests 2, 3, 4 and 6 in Appendix B.

[5] *See* production request nos. 10(f) and 27 in Appendix B, requesting respectively the identity of the supervisors interviewing or selecting persons considered for job opportunities and the organizational structure of the defendant's operations.

[6] The Advisory Committee Note to that Rule explains:

   Language is added to paragraph (1) of this subdivision to emphasize

justification for refusing to at least "list" the requested information for those persons for whom no objection has been lodged — the named plaintiffs and others in their same departments of the plant — in the thirty days allowed by the Federal Rules of Civil Procedure and this Court's local rules. A party responding to discovery has thirty days to produce their answers absent an extension *by the Court.* *See* F. R. Civ. P. 33(b)(3) ("The party . . . shall serve a copy of the answers . . . within 30 days . . . . A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties . . . ."). No such extension or order has been sought or received.[7]

17.    Instead of answering the unopposed part of such discovery, Nucor Yamato has unilaterally extended the time for answering for an indefinite period, saying that non-objectionable documents and information will be produced at some unspecified future date.    *See e.g. Def. Resp.*

_____

> the duty of the responding party to provide full answers to the extent not objectionable.   If, for example, an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products.   Similarly, the fact that additional time may be needed to respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time.

Advisory Committee Note to F. R. Civ. P. 33(b).

[7]   The same unilateral delay in answering has occurred with plaintiffs' other discovery requests. As with interrogatory no. 2, defendant has not objected to production of the computerized data requested in production request no. 9 for the named plaintiffs or other employees in the same department or under the same supervision.   But it has still never produced such electronic data despite the lack of any objection to such production.   The only thing defendant lists in response to document request no. 9 are "plaintiffs' personnel files" and, subject to a "confidentiality agreement," the personnel files of persons who bid for positions at Nucor Yamato on which plaintiffs allege they bid.   Similar problems exist in defendant's response to the other discovery requests.

*To Request for Production. No. 9*, attached in Appendix B hereto. Nearly three more months have passed since then, but still little of the information that was not subject to objection has been made available.

18.     Defendant has refused to produce the documents and answers that were not subject to an objection on the pretext that a protective order must first be entered. No effort to obtain such a protective order was made, however, during the 30 day period for answering the interrogatories that were served on November 29, 2004, and no motion for protective order has been sought since then. The Rules require that a party seek a protective order from the court **before** the response is due: "The obligation to move for a protective order applies to written discovery ... A party may not simply note its objection to a request for written discovery and wait for the requesting party to move to compel discovery. The party seeking protection is responsible for initiating the process in a timely fashion." Moores Federal Practice 3D, Section 26-102[2]; see also *Brittain v. Stroh Brewery*, 136 F.R.D. 408 (M.D. N.C. 1991)(" Defendant argues, that for written discovery, it is sufficient that it note its objections within the time permitted and that it should not have to move for a protective order until after the plaintiffs move to compel the discovery ... the [defendant's] procedure turns the normal state of obligations on its head ... permitting the party [resisting discovery] to merely sit back and wait for a motion to compel can only serve to prolong and exacerbate discovery disputes."); *Maxey v. General Motors Corporation*, 1996 WL 692222 (N.D. Miss. 1996).

19.     In an effort to solve the problem and expedite discovery, plaintiffs agreed to keep all information confidential so that the discovery not objected to could be promptly produced.[8] The

---

[8] *See* Ben DeGweck's letter to Cary Farris dated January 5, 2005, attached hereto as Appendix C.

defendant flatly refused this proposal and has continued to withhold all of the unobjectionable discovery without the required court order or plaintiffs' consent. Plaintiffs have also proposed other alternatives in order to break the logjam, including adoption of the same confidentiality agreement Nucor agreed to in the companion case that was severed and transferred to South Carolina. Defendant refused, but has still never sought its own protective order from the Court.

20.   As a result, Nucor Yamato has needlessly obstructed the discovery process and implementation of the Court's Scheduling Order by refusing to timely answer discovery which is not voluminous, not subject to any objection, and which should have been timely produced under either plaintiffs' commitment to keep everything confidential or a timely protective order from the Court.

WHEREFORE, plaintiffs ask that Nucor Yamato be ordered to fully answer the interrogatories and production requests discussed above and as set forth in the attached appendices.

Respectfully submitted this 18th day of March, 2005.

ROBERT L. WIGGINS, JR., ABS-1754-G-63R
ANN K. WIGGINS, ABS-7006-I-61A
BENJAMIN J. DeGWECK, ABS-8943-B-46-D
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
THE KRESS BUILDING
301 19th STREET NORTH
BIRMINGHAM, ALABAMA 35203
205/314-0500
205-254-1500 (facsimile)

PHILIP E. KAPLAN, AR Bar No. 68026
KAPLAN, BREWER, MAXEY & HARALSON, P.A.
415 MAIN STREET
LITTLE ROCK, ARKANSAS 72201
(501) 372-0400
(501) 376-3612 (facsimile)

14

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the above and foregoing to:

Richard D. Alaniz
Cary A. Farris
Terry E. Schraeder
ALANIZ & SCHRAEDER, LLP
16010 Barker's Point Lane, Suite 500
Houston, Texas 77079

D. P. Marshall, Jr.
BARRETT & DEACON
P. O. Box 1700
Jonesboro, AR 72403

Done this 18th day of March, 2005.

OF COUNSEL

# APPENDIX A

**APPENDIX A**

**Plaintiffs' Interrogatory 2:**

2.      List all computerized data bases, electronic files or other mechanical sources which Nucor Yamato Steel Company maintains or has maintained from which the following specific "personnel information" can be obtained for employees and for applicants, and state which such data bases and/or files contain each such category of information, including but not limited to: employee's or applicant's race, hire date, job assignments, promotions, transfers, compensation, benefits, discipline, termination, hours of work, qualifications test scores, applications, application dates, disqualification, reasons for non-selection, reasons for non-consideration, reasons for disqualifications or removal, rates of pay, job performance, evaluations, commendations, training, location assignments, division assignments, department assignments, training, demotion, discharge, reason for discharge, measures of performance, behavior, promotability, hirability, eligibility, and other personnel, human resource, or employment data.

**Defendant's Latest Response to Interrogatory 2:**

We are currently working with our client to obtain information regarding the available databases. We propose the same deadline [30 day] as found in the Response to Number 2 and at that time, Nucor-Yamato Steel Company (Limited Partnership) will provide information regarding what employment-related databases are maintained at Nucor-Yamato Steel Company (Limited Partnership). At that time, Nucor-Yamato Steel Corporation (Limited Partnership) will also provide existing materials from those databases subject to the limitations on discovery we propose in the Response to Number 3 above [i. e. Defendants will produce existing documents involving employees "who bid on positions similar in pay and requisite experience level needed as those bid upon by Plaintiffs in the same Departments as those bid by Plaintiffs, involving the same decision makers as Plaintiffs"]. Subject to this Response, Nucor-Yamato Steel Company (Limited Partnership) maintains all of its previously raised objections.

**APPENDIX A continued**


**Plaintiffs' Interrogatory 6:**

6.    Identify any test, examination, scored interview or assessment center process that has been administered by Nucor Yamato Steel Company, or its agent(s), for any purpose, including, but not limited to, hiring, transfer, promotion, evaluation or review from January 1, 1999 to the present.

**Defendant's Latest Response to Interrogatory 6:**

We are currently working with our client to obtain information regarding additional testing materials. We propose the same deadline [30 day] as found in the Response to Number 2, and at that time, Nucor-Yamato Steel Company (Limited Partnership) will also provide any additional testing material subject to the limitations on discovery proposed in the Response to Number 3 above  [i. e. Defendants will produce existing documents involving employees "who bid on positions similar in pay and requisite experience level needed as those bid upon by Plaintiffs, in the same Departments as those bid by Plaintiffs, involving the same decision makers as Plaintiffs"].  Subject to this Response, Nucor-Yamato Steel Company (Limited Partnership) maintains all of its previously raised objections.

## APPENDIX A continued

**Plaintiffs' Interrogatory 14:**

14.  Do you contend that the defendant's selection procedure, criteria, policies and practices are not subjective? If so, identify all documents, by Bates number or otherwise, that relates to such contention, and describe in detail which selection procedure, criteria, policies and practices have been applied by each decisionmaker or organizational unit, taking care to identify and describe how each aspect of such procedures, criteria, policies or practices varies from that applied by other decisionmakers or organizational units.

**Defendant's Latest Response to Interrogatory 14:**

Nucor-Yamato Steel Company (Limited Partnership) contends that there are different selection criteria used by different Departments and that some of these selection criteria are objective. Subject to this Response, Nucor Yamato Steel Company maintains all of its previously raised objections.

3

## APPENDIX A continued

**Plaintiffs' Interrogatory 15:**

16.    Do you contend that any organizational unit or decisionmaker applies selection procedures, criteria, policies or practices that are unique to that unit or decisionmaker? If so, identify all documents, by Bates number or otherwise, that relates to such contention and describe in detail exactly what selection procedure, criteria, policies and practices have been applied by each decisionmaker or organizational unit, taking care to identify and describe how each aspect of such procedures, criteria, policies or practices varies from that applied by other decisionmakers or organizational units.

**Defendant's Latest Response to Interrogatory 15:**

Nucor-Yamato Steel Company (Limited Partnership) contends that there are different selection criteria used by different Departments. Subject to this Response, Nucor-Yamato Steel Company (Limited Partnership) maintains all of its previously raised objections.

4

# APPENDIX B

**APPENDIX B**

**Plaintiffs' Request for Production 2:**

2.    All documents identifying by name, race and complete employment history, every employee selected for a position at the defendant company from December 8, 1999, to the present.

**Defendant's Response to Request for Production 2:**

Defendant objects to this request as overbroad. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision, as indicated in General Objection 6.[1] Defendant further objects to this request as unduly burdensome as explained in General Objection 6. Subject to and without waiving these objections, Defendant will produce the following:

Personnel Files of Plaintiffs.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[2] Defendant will produce non-objectionable portions of the personnel files of persons who were selected for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 3-4.*

───────────────────

[1]General Objection 6: Defendant objects to each and every request for production herein as unduly burdensome and to the extent it seeks information that is irrelevant and immaterial to Plaintiffs' claims. Plaintiffs are not similarly situated to all the other employees of Defendant, and are limited to discovery requests addressing their individual claims and the potential claims of similarly situated individuals. Therefore, any request information concerning Nucor-Yamato employees, all of whom are not similarly situated to Plaintiff, would create an extreme and undue burden for Defendant.

[2]General Objection 4: Defendant objects to each and every request for production herein to the extent it seeks informationthat is invasive of the privacy interests of each individual employee of Defendant, which includes, but is not limited to, confidential information regarding the following: unlisted addresses and telephone numbers, social security numbers, marital status, medical and health insurance information, medical treatment information, criminal history, wage garnishment and credit information, among others. All documents and information regarding private and confidential information of individuals stated therein will only be produced subject to a confidentiality agreement limiting the viewing, dissemination and use of such documents and information to this litigation only, and as otherwise agreed upon and stated within the terms of such agreement.

1

## APPENDIX B continued

**Plaintiffs' Request for Production 3:**

3.     All documents identifying by name, race and complete employment history every employee considered for each vacancy from December 8, 1999 to the present, but not selected and all documents related to the particular position that the defendant filled or considered filling. This request specifically includes all documents that show or tend to show the employees who were considered, recommended or selected for promotion within the defendant from December 8, 1999, to the present, including their employment application, personnel file and all documents relating to their qualifications.

**Defendant's Response to Request for Production 3:**

Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that its seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision, as indicated in General Objection 6.[3] Defendant further objects to this request as unduly burdensome as explained in General Objection 6. Subject to and without waiving these objections, Defendant will produce the following:

Personnel Files of Plaintiffs, 1997 and 2002 Nucor-Yamato Employee Handbooks, Form Transfer Sheet.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[4] Defendant will produce non-objectionable portions of the personnel files of persons who were selected for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid. Also at a reasonable later date, Defendant will produce relevant non-objectionable job postings or descriptions at Nucor-Yamato on which Plaintiffs specifically allege they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 4-5.*

---

[3]See General Objection 6, page 1, Appendix B.

[4]See General Objection 4, page 1, Appendix B.

2

## APPENDIX B continued

**Plaintiffs' Request for Production 4::**

4.  For each promotion or transfer vacancy sought by the named plaintiff or any African-American employee of the defendant from December 8, 1999 to the present, provide all of the documents relating to whether the person(s) selected instead of the individual plaintiffs or African-American employees were the best qualified candidate(s) for these vacancies, and each fact, contention or qualification that shows, or tends to show, that the person selected was the best qualified candidate, and what made that person the best qualified.

**Defendant's Response to Request for Production 4:**

Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that its seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision, as indicated in General Objection 6.[5] Subject to and without waiving these objections, Defendant will produce the following:

Personnel Files of Plaintiffs, 1997 and 2002 Nucor-Yamato Employee Handbooks, Form Transfer Sheet.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[6] Defendant will produce non-objectionable portions of the personnel files of persons who were selected for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid. Also at a reasonable later date, Defendant will produce relevant non-objectionable job postings or descriptions at Nucor-Yamato on which Plaintiffs specifically allege they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 5.*

---

[5] See General Objection 6, page 1, Appendix B.

[6] See General Objection 4, page 1, Appendix B.

3

**APPENDIX B continued**

**Plaintiffs' Request for Production 5:**

5.    All documents indicating the procedures used by the defendant to select employees and applicants for positions from December 8, 1999 to the present. This request specifically includes, but is not limited to, all documents related to when the defendant posts vacancies when the defendant does not post vacancies, and all documents relating to how selection decisions are made when vacancies are posted and when vacancies are not posted.

**Defendant's Response to Request for Production 5:**

Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that its seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision, as indicated in General Objection 6.[7] Subject to and without waiving these objections, Defendant will produce the following:

Personnel Files of Plaintiffs, 1997 and 2002 Nucor-Yamato Employee Handbooks. Form Transfer Sheet.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[8] Defendant will produce non-objectionable portions of the personnel files of persons who were selected for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid. Also at a reasonable later date, Defendant will produce relevant non-objectionable job postings or descriptions at Nucor-Yamato on which Plaintiffs specifically allege they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 6.*

---

[7]See General Objection 6, page 1, Appendix B.

[8]See General Objection 4, page 1, Appendix B.

4

APPENDIX B continued

**Plaintiffs' Request for Production 6:**

6.       All documents which show or tend to show the reasons for selecting and not selecting each employee of the defendant corporation for a position from December 8, 1999 to present.

**Defendant's Response to Request for Production 6:**

Defendant objects to this request as overbroad.  The Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims.  This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision, as indicated in General Objection 6.[9]  Subject to and without waiving these objections, Defendant will produce the following:

1997 and 2002 Nucor-Yamato Employee Handbooks.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[10] Defendant will produce non-objectionable portions of the personnel files of persons who were selected for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid.  Also at a reasonable later date, Defendant will produce relevant non-objectionable job postings at Nucor-Yamato on which Plaintiffs specifically allege they bid, but were not selected.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request.  Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 6-7.*

---

[9]See General Objection 6, page 1, Appendix B.

[10]See General Objection 4, page 1, Appendix B.

## APPENDIX B continued

**Plaintiffs' Request for Production 7:**

7.    All job postings for hourly and salaried positions from December 8, 1999 to the present.

**Defendant's Response to Request for Production 7:**

Defendant objects to this request as overbroad.   The Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision. Subject to and without waiving these objections, Defendant will produce the following:

At a reasonable later date Defendant will produce relevant non-objectionable job postings or descriptions for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 7.*

6

## APPENDIX B continued

**Plaintiffs' Request for Production 9:**

9.   All documents, including data bases or computerized information, relating to the work force of the defendant during the time period from December 8, 1999 to present, which contain all or some of the following information on each employee of the defendant:

   a.   name;
   b.   race;
   c.   age;
   d.   social security number;
   e.   present address;
   f.   educational level;
   g.   employment history prior to employment with defendant;
   h.   date(s) of application with defendant and job(s) applied for;
   i.   reason(s) not employed, if applicable;
   j.   date of hire, including date of hire as a part-time employee;
   k.   job initially hired into, including part-time employment;
   l.   whether said employee was hired as a temporary, part-time, or full-time employee;
   m.   employment history with defendant, including all jobs held with the defendant from their first date of employment to the present, the reason(s) for each job change and dates each job was held, including part-time employment;
   n.   whether each job held after initial hire was temporary, part-time, or full-time;
   o.   whether each job held was designated as "exempt" or "non-exempt" within the meaning of the Fair Labor Standards Act;
   p.   pay and/or salary received and/or rate of pay on each job held, including part-time or temporary employment;
   q.   hours worked on each job held, including part-time or temporary employment;
   r.   training records;
   s.   absences, tardiness;
   t.   counseling;
   u.   any discipline received, date(s), and reason(s);
   v.   date of discharge or termination of employment, if applicable, and reason(s) for discharge;
   w.   the dates of each performance/salary review conducted during employment with the defendant, the type of each such review, the performance rating received on each such review, and the promotability rating received on each such review;
   x.   whether the employee was a member of a union and the name of the employee's union;
   y.   the number of points under a compensation system assigned to the individual;
   z.   each promotion and/or demotion received by each employee of the defendant.

7

**Defendant's Response to Request for Production 9:**

This request is duplicative in that it seeks documents already specified in requests numbered 1, 2 and 3. Defendant objects to this request as overbroad and unduly burdensome. Read literally, this request seeks hundreds of thousands of documents which may have little or no relevance to this case. The time to search for and identify such documents would be costly and time consumptive, if not wholly impossible. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request as it seeks irrelevant and immaterial information and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision as indicated in General Objection 6.[11] Subject to and without waiving these objections, Defendant will produce the following:

Plaintiffs' Personnel Records.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[12] Defendant will produce non-objectionable portions of the personnel files of persons who bid for positions at Nucor-Yamato on which Plaintiffs alleged they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Defendant will response further if Plaintiffs more narrowly tailor this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 8-9.*

---

[11]See General Objection 6, page 1, Appendix B.

[12]See General Objection 4, page 1, Appendix B.

## APPENDIX B continued

**Plaintiff's Request for Production 10(f):**

10.    All documents reflecting some or all of the following information for each and every vacancy for employment at the defendant no matter what job held, from December 8, 1999 to present:

* * *

    f.    The name, race, and current position of each employee of the defendant interviewing and selecting the individuals identified in (e) above.

**Defendant's Response to Request for Production 10(f):**

Defendant objects to this request as being vague as to the term "no matter what job held." Defendant also objects to this request as duplicative in that it seeks documents already specified in request number 6. Defendant objects to this request as overbroad and unduly burdensome. Defendant further objects to this request as it seeks irrelevant and immaterial information and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision as indicated in General Objection 6.[13] Subject to and without waiving these objections, Defendant will produce the following:

Plaintiffs' Personnel Records.

At a reasonable later date, and subject to the signing of a confidentiality agreement referenced in General Objection 4,[14] Defendant will produce non-objectionable portions of the personnel files of persons who bid for positions at Nucor-Yamato on which Plaintiffs alleged they bid, as well as job postings for positions for which Plaintiffs allege they bid.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Defendant will response further if Plaintiffs more narrowly tailor this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 10.*

---

[13]See General Objection 6, page 1, Appendix B.

[14]See General Objection 4, page 1, Appendix B.

9

## APPENDIX B continued

**Plaintiffs' Request for Production 11:**

11. All documents and other sources of information which are necessary or useful in order to interpret all coded fields within each data base or computerized information of the defendant . A "coded field" contains an abbreviated entry representing other information and cannot be used or understood without a key to the translation or meaning of the entry. An example would be a file for race, with the possible coded entries of "1", "2", etc., representing "black", "white", etc.

**Defendant's Response to Request for Production 11:**

Defendant objections to this request as being vague as to the term "necessary or useful" Defendant is currently unaware of any response documents. Subject to and without waiving this objection and the objections raised in response to Request 9, Defendant is currently unaware of any relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 10-11.*

## APPENDIX B continued

**Plaintiffs' Request for Production 16:**

16.     The defendant's handbooks, postings, guidelines, standards, policies or procedures in effect from December 8, 1999 to the present, relating to any of the following: hiring of new employees, performance evaluations of its employees, employee compensation, promotability of employees, transfer and promotion of employees, training given to employees, temporary placement of employees in positions, rights of employees to move between departments, status of employees who have been laid off from departments, role of company hire date in employment decisions, role of departmental hire date in employment decisions, discipline and termination of employees, discrimination and harassment policies, compensation paid to employees, (including the criteria and standards according to which salaries are set for employees), recruiting, screening or selecting of persons for job(s) opportunities, promotions, transfers and hiring by the defendant, evaluating employees conduct, and/or behavior and promotability, at the defendant, and the defendant's record retention policies and procedures.

**Defendant's Response to Request for Production 16:**

Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks private and confidential information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision. This request also improperly seeks to discover information regarding Defendant's hiring procedures as stated in General Objection 7.[15] Subject to and without waiving these objections, Defendant will produce the following:

1997 and 2002 Nucor-Yamato Employee Handbooks.

Defendant will response to a more narrowly tailored request. Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 13-14.*

---

[15]General Objection 7: Defendant objects to each and every request for production herein to the extent to seeks proprietary, business, commercially-sensitive, or confidential information of Defendant. All documents and information regarding proprietary, business, commercially sensitive, or confidential information of Defendant will only be produced subject to a confidentiality agreement limiting the viewing, dissemination and use of such documents and information to this litigation only, and as otherwise agreed upon and stated within the terms of such agreement.

## APPENDIX B continued

**Plaintiffs' Request for Production 18:**

18.  Documents relating to each criteria, policy or procedure utilized in the promotion, recruitment, announcement, testing, screening or selection of employees or applicants for job opportunities at the defendant and documents bearing upon any selection device utilized by the defendant from December 8, 1999 to the present.

**Defendant's Response to Request for Production 18:**

Defendant objects to this request as duplicative in that it requests documents already specified in requests numbers 5 and 16. Defendant objects to this request as overbroad. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision as indicated in General Objection 6.[16] Subject to and without waiving these objections, Defendant will produce the following:

1997 and 2002 Nucor-Yamato Employee Handbooks.

At a reasonable later date Defendant will produce job postings for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid, but were not selected.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 14-15.*

---

[16]See General Objection 6, page 1, Appendix B.

## APPENDIX B continued

**Plaintiffs' Request for Production 19:**

19.    Descriptions of duties, responsibilities, skills, efforts, knowledge, personal characteristics, education, training, prior experiences, certifications, or other characteristics or criteria required for each position at the defendant from December 8, 1999 to the present.

**Defendant's Response to Request for Production 19:**

Defendant objects to this request as duplicative in that it requests documents already specified in requests numbers 5, 6, 7, 10, 16 and 18. Defendant objects to this request as overbroad. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision. Subject to and without waiving these objections, Defendant will produce the following:

1997 and 2002 Nucor-Yamato Employee Handbooks.

At a reasonable later date Defendant will produce relevant non-objectionable job postings for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid, but were not selected.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 15.*

**APPENDIX B continued**

**Plaintiffs' Request for Production 21:**

21.    All studies, validation studies, job analyses and tests relating to job tasks, functions, criteria, qualifications, training, job performance or impact of selection devices on African Americans working for the defendant or who have sought employment with the defendant from December 8, 1999 to the present.

**Defendant's Response to Request for Production 21:**

Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks private and confidential information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision as indicated in General Objection 6.[17] Subject to and without waiving these objections, Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 16.*

---

[17]See General Objection 6, page 1, Appendix B.

14

## APPENDIX B continued

**Plaintiffs' Request for Production 22:**

22.  Written guidelines or documents utilized by evaluators of job content, performance, compensation, promotability, hirability, guidelines at the defendant from December 8, 1999 to the present.

**Defendant's Response to Request for Production 22:**

Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "relating to." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks private and confidential information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision as indicated in General Objection 6.[18] This request also improperly seeks to discover information regarding Defendant's hiring procedures as stated in General Objections 4, 6 and 7.[19] Subject to and without waiving these objections, Defendant will produce the following:

1997 and 2002 Nucor-Yamato Employee Handbooks.

At a reasonable later date Defendant will produce relevant non-objectionable job postings for positions at Nucor-Yamato on which Plaintiffs specifically allege they bid, but were not selected.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 16-17.*

---

[18]See General Objection 6, page 1, Appendix B.

[19]See General Objection 4, page 1, Appendix B; General Objection 6, page 1, Appendix B; and General Objection 7, page 8, Appendix B.

## APPENDIX B continued

**Plaintiffs' Request for Production 23:**

23.  All promotion application logs, or other records at the defendant that reflect the identities of the employees of the defendant who applied for promotions and the identities of those applicants who were awarded said promotions by the defendant from December 8, 1999, to the present.

**Defendant's Response to Request for Production 23:**

Defendant objects to this request as duplicative in that it requests documents already specified in requests numbers 2, 3 and 10. Defendant objects to this request as overbroad. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision as indicated in General Objection 6.[20] Subject to and without waiving these objections, Defendant will produce the following:

See documents listed as responsive to Requests 2, 3, and 10.

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 17-18.*

---

[20]See General Objection 6, page 1, Appendix B.

## APPENDIX B continued

**Plaintiffs' Request for Production 24:**

24.    All documents which show applicant flow data for the defendant reflecting the race of the applicants from December 8, 1999 to present, by whatever name known.

**Defendant's Response to Request for Production 24:**

Defendant objects to this request as overbroad.  Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence.  This request seeks information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims  This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision.  Defendant further objects based on vagueness as to the term "applicant flow data."  Subject to and without waiving these objections, Defendant will produce the following:

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request.  Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 18.*

## APPENDIX B continued

**Plaintiffs' Request for Production 25:**

25.     All EEO-1 reports and/or reports similar to EEO-1 reports, and other documents which show or tend to show the distribution of employees by race, job class, or other pertinent format from December 8, 1999, to the present.

**Defendant's Response to Request for Production 25:**

Defendant objects to this request as overbroad. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision. Subject to and without waiving these objections, Defendant will produce the following:

Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, p. 18.*

## APPENDIX B continued

**Plaintiffs' Request for Production 27:**

11.    All documents showing the organizational structure of the defendant, including, but not limited to, organizational charts and related documents from December 8, 1999 to the present showing any of the following: identification of each person in each organizational unit of the defendant; the function of each organizational unit; the number of employees within each organizational unit; the name, and race of the person(s) responsible for managing each organizational unit and sub unit; the location of each office within the organizational unit; the job classifications within each organizational unit; the number and type of employees by race and in each such organizational unit; the function of each such organizational unit; the number of supervisors within each organizational unit; and the individual(s) responsible for filling vacancies within each organizational unit.

**Defendant's Response to Request for Production 27:**

    Defendant objects to this request as overbroad. Defendant also objects to this request as vague and overbroad as to the term "related documents." As stated, this request would require the review and production of an unreasonable amount of unrelated documents. Defendant further objects to this request on the grounds that it seeks irrelevant and immaterial documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request seeks information regarding employees who are who are not similarly situated to Plaintiffs, and is directed towards uncovering potential claims rather than evidence of Plaintiffs' claims. This request also seeks documents concerning employees in different departments from Plaintiffs and under separate supervision. Subject to and without waiving these objections, Defendant will produce the following:

    Organizational Charts.

    Defendant is currently unaware of any other relevant, non-objectionable documents responsive to this request. Discovery and investigation are ongoing.

*Defendant's Responses and Objections, pp. 19-20.*

# APPENDIX C

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT S. CHILDS, JR.
A. J. BECK
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
BYRON R. PERKINS
JON C. GOLDFARB
GREGORY O. WIGGINS
LEE D. WINSTON
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS

CRAIG L. LOWELL
MAURY S. WEINER
EDWARD McF. JOHNSON
KELL A. SIMON
RODERICK T. COOKS
*LORI KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
AUDREY REITZ CHANNELL
STEVEN L. ATHA
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
MINTREZ D. MARTIN
SUSAN DONAHUE
BENJAMIN J. DeGWECK
JOSHUA D. WILSON
*HARSIMRAN KAUR DANG
ALLISON W. LOWELL
*KEIR S. BICKERSTAFFE
*Not Licensed in Alabama

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

January 5, 2005

**VIA US MAIL AND EMAIL**
Terry Schraeder
Cary Farris
Alaniz & Schraeder, LLP
16010 Barker's Point Lane, Suite 500
Houston, TX 77079

      RE:    Nucor Litigation

Dear Gentlemen:

      Attached you will find a copy of a revised version of the confidentiality agreement that you initially sent to us. We have made the following revisions: we have added language providing for the disclosure of information in all four cases, this will be cost-effective and prevent duplicative production on your clients' part; we have eliminated paragraphs 5 and 6 from the original proposed confidentiality agreement, we believe paragraph five to be against public policy and paragraph six to be unnecessary, you may accomplish the aim of paragraph six by filing a request with the Court; additionally, we have removed the "45 day" requirement in paragraph 11 and have inserted "at the request of the opposing party."; lastly we have deleted paragraph 13, we cannot enter into a agreement providing that the Defendant has the right to redact portions of documents. Obviously, if the defendant chooses to redact portions of documents, we reserve the right to seek disclosure of such redacted information through court intervention in the same fashion under the FRCP.

      In an attempt to facilitate moving discovery along in these cases, during the period prior to the execution of a confidentiality agreement, we would be willing to treat all information disclosed as confidential and not disclose it to anyone except potential experts.

      Additionally, we are in receipt of you clients' responses to our discovery requests. As you might have expected, we do not believe that your clients' responses were adequate, nor were all of your objections proper. We will try to get you shortly, through separate correspondence, a more detailed description of what we perceive are the deficiencies in the responses and objections for each case.

      Generally speaking our concerns involve what in our view are unjustifiable restrictions on the

BIRMINGHAM - SATELLITE
2017 5TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

WASHINGTON, D.C.
7 DUPONT CIRCLE N.W. - SUITE 200
WASHINGTON, D.C. 20036
202-467-4123
202-467-4498 (FAX)

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A PROFESSIONAL CORPORATION

January 5, 2005
Page 2

disclosure of information relating to employment decisions, as well as information regarding complaints of race discrimination that occurred during the four-years prior to this lawsuit. We also, believe we are entitled to any EEO-1's, as well as the computerized data requested.

For example, in the South Carolina case Nucor Steel Berkeley's response to interrogatory number 2 is "Discovery and investigation are ongoing. At a reasonable later date, Defendant will produce any relevant, non-objectionable information responsive to this request." We do not believe this is an appropriate response to our question which basically is to list all computerized data bases, etc., that your client maintains that contain the requested information. The interrogatory does not request that you produce these files, it merely requests that you identify them. Your clients have had ample time to respond to these requests and we cannot allow this and other requests to go unanswered without, at some point, seeking court intervention.

Additionally, in the South Carolina case, we are obligated under the local rules to file a Motion to Compel production of the requested information next week, unless we can agree to a extension while we explore the possibility of resolving the outstanding discovery disputes. The local rules, as I understand them, allow us to agree to extend the time period in which you have to respond to our requests, this extension would automatically extend our deadline to file a motion to compel by the same amount of time (plus twenty days- See Local Rule 37.01).

I would suggest an agreement between the parties to extend the date in which your client has to respond to our discovery requests until February 1, 2005 and thereby extend our time to file a motion to compel until February 20, 2005. We would also suggest a separate, longer time period in which to file a motion to compel for computerized data. We believe a 45 day, rather than 20 day period would allow us and any potential experts ample time to adequately analyze computerized data and thereby, prevent us from having to seek court intervention prematurely. We think the judge would appreciate this tack.

I hope we can work together towards reaching an amicable resolution of our differences regarding discovery and would like to avoid court intervention, to the extent possible. Please let me know your thoughts on our suggestions as soon as possible. I think a conference call between the attorneys within the next week would be helpful as we try to work together to move discovery in these cases forward. Thank you very much. I look forward to hearing from you.

Sincerely,

Ben De Gweck

cc: Robert L. Wiggins, Esq.
Ann K. Wiggins, Esq.
Rod Cooks, Esq.
Ray P. McClain, Esq.