# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CORNELIUS BENNETT, ET AL. | *
| | *
| Plaintiffs | *
| | *
| VS. | *
| | *  NO. 3:04CV00291 SWW
| | *
| NUCOR CORPORATION, ET AL. | *
| | *
| Defendants | *
| | *

## ORDER

Seven named plaintiffs bring this employment discrimination case, a putative multiple class action, against Nucor Corporation, Nucor-Yamato Steel Company, and Nucor Steel-Arkansas (hereinafter, referred to collectively as "Nucor").

Before the Court are (1) Plaintiff Stacey Warren's motion to compel discovery regarding Nucor's Armorel plant (docket entry #25), Nucor's response (docket entry #30), and Warren's reply (docket entry #34); (2) Nucor's motion to strike Warren's class allegations (docket entry #29), Warren's response (docket entry #35), and Nucor's reply (docket entry #36); and (3) Plaintiffs' motion to compel discovery regarding Nucor's Blytheville plant (docket entry #22), Nucor's response (docket entry #24), and Plaintiffs' reply (docket entry #24).

After careful consideration, and for the reasons that follow, Warren's motion to compel discovery regarding the Armorel plant will be granted in part and denied in part; Nucor's motion to strike Warren's class allegations will be granted; and Plaintiffs' motion to compel discovery

1

regarding the Blytheville plant will be granted.

## I. Background

Thirteen original plaintiffs commenced this employment discrimination suit on December 8, 2003 as a putative, nationwide class action in the United States Court for the Western District of Arkansas. The original plaintiffs, all black males, claimed that Nucor discriminated against them at Nucor facilities in South Carolina, Arkansas, Texas, and Alabama. On August 24, 2004, United States District Judge Harry F. Barnes severed the plaintiffs' claims into four separate cases and transferred each case to the judicial district in which the unlawful employment practices allegedly occurred.

This case, one of the four cases transferred from the Western Division, includes the claims of seven named plaintiffs. Six of the seven plaintiffs--Cornelius Bennett, Clifton Lee, Sr., Sylvester Rogers, Larry McBride, Rodney Washington, and Ozzie Green--are current and former employees at Nucor's plant in Blytheville, Arkansas. These separate plaintiffs claim that Nucor discriminated against them by, among other things, preventing them from competing for promotions and subjecting them to a racially hostile work environment.

One of the seven plaintiffs, Stacey Warren ("Warren"), who has never worked for Nucor, claims that Nucor failed to hire him at Nucor's Blytheville and Armorel plants. He also claims that Nucor refused to hire him at facilities in Terrell, Texas. Warren's Texas-based, failure-to-hire claim is currently pending in the United States District Court for the Northern District of Texas.

In addition to pursuing individual discrimination claims, all seven plaintiffs seek to represent a class (hereinafter, referred to as the "Blytheville class") consisting of "more than one

hundred former, current, and future African-American applicants and employees who have been, are, or will be employed" at Nucor's facility in Blytheville. *See* docket entry #18, ¶ 22. Warren also undertakes to serve as the sole representative for a second class (hereinafter referred to as the "Armorel class") consisting of "more than one hundred former, current, and future African-American applicants and employees who have been, are, or will be employed at the facilities in Arkansas." Docket entry #18, ¶68.

In the Texas litigation, Warren attempted to serve as the sole representative for a class consisting of former, current, and future black applicants and employees at Nucor's Terrell plant. However, on May 19, 2005, United States District Judge David C. Godbey dismissed Warren's class action allegations, on the ground that he failed to prosecute and "effectively abandoned" his class claims. *See* docket entry #38, Ex. A.

**II. Plaintiff Warren's Motion to Compel Discovery Regarding Nucor's Armorel Plant and Nucor's Motion to Strike Warren's Class Allegations**

Warren asks the Court to compel responses to interrogatories and request for production, which he asserts seek information relevant to his individual claim and his "effort to certify a class of persons who were not hired because of their race." Docket entry #25, ¶3. Warren states that his motion to compel is "limited to claims of racial discrimination in hiring at the defendants' manufacturing plant known in Armorel, Arkansas." *Id.*, ¶ 2.

In answer to Warren's motion to compel, Nucor filed a combined response and motion to strike Warren's class allegations, arguing that Warren's allegations plainly show that he cannot meet the requirements for class certification.

Warren argues that Nucor's motion to strike is untimely.[1] The Court disagrees. In the context of class action litigation, a district court has the authority to issue an order "requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons." Fed. R. Civ. P. 23(d)(4). Rule 23(c) requires district courts to make a determination as to whether a class action is maintainable "as soon as practicable after the commencement of an action." In some cases, the propriety of certifying a class action can be decided before a motion for certification is filed and even before discovery on the certification issue.[2] "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification issue." *General Telephone Co. v. Falcon*, 102 S. Ct. 2364, 2372 (1982).

Federal Rule of Civil Procedure 23(a) lists four criteria for the maintenance of a class: (1) that the class be so numerous that joinder of all members is impracticable; (2) that common questions of law and fact exist among potential class members; (3) that claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that representative

---

[1] Warren argues that Nucor's motion to strike is too late and, at the same time, too early. He argues that pursuant to Federal Rule of Civil 12(f), a motion to strike a pleading must be submitted before a response to that pleading has been filed. A motion to strike class allegations is governed by Rule 23, not Rule 12(f). Rule 23 requires that the Court decide the certification issue at the earliest time possible. Warren also contends that the Court should not consider the motion to strike without more discovery. However, the Court finds that further discovery regarding the class certification issue would be futile.

[2] "Although in some cases a district court should allow discovery to aid in the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations." *Montolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

parties will fairly and adequately protect the interests of the class. In addition to the numerosity, commonality, typicality, and adequacy of representation requirements, a proposed class must fall in to one of three categories in Rule 23(b). Warren, the only named plaintiff in the Armorel class, shoulders the burden to show that each requisite for class certification is met in this case.

Nucor asserts that it is clear from the pleadings Warren is unable to establish any of the requirements for class certification under Rule 23(a). Warren's allegations with regard to his individual claims are as follows:

> On September 26, 2003, Warren applied for an entry position at [Nucor's] facilities in Blytheville, Arkansas. Warren called each plant and spoke with a representative in the Human Resources Department at each plant to confirm receipt of his resume. Since that time, Warren has not received any further communications from the Defendants about his applications. Upon information and belief, white applicants who are less qualified [than] Warren have been hired. . . . Moreover, Defendants have routinely hired white applicants to vacant positions over African-American employees of comparable or more extensive experience.

Docket entry #18, ¶¶49-51. Warren also alleges that he applied for and was denied employment at Nucor's plant in Armorel, Arkansas. *Id*. at ¶ 15. In his discrimination charge, filed with the Equal Employment Opportunity Commission on October 27, 2003, Warren described his grievance with the Armorel plant as follows:

> On September 26, 2003, I applied for an entry position at two different Nucor plants. One of the plants . . . is located in Armorel, Arkansas. I sent copies of my resume by certified letter. I called each plant and I spoke with a female employee in the Human Resources Department at each plant to confirm receipt of my resume. Since that time I have not [heard] anything about my application.

Docket entry #34, App. B. Warren does not allege that he applied for a specific job for which Nucor was seeking applicants and for which he was qualified.

Warren describes the proposed Armorel class as "more than one hundred former, current, and future African-American applicants and employees who have been, are, or will be employed

5

at the facilities in Arkansas." *Id*. at ¶ 68. He alleges that Nucor has subjected class members to "a battery of practices having unlawful disparate impact on their employment opportunities" including "racially hostile conditions of work, and unequal terms and conditions of employment in such areas as work hours and position assignments." *Id*. at ¶77-78

The commonality, typicality, and adequacy of representation requirements[3] effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *General Tel. Co. v. Falcon*, 102 S. Ct. 2364, 2370 (1982) "A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id*. (quoting *East Texas Motor Freight System, Inc. V. Rodriguez*, 97 S. Ct. 1891, 1896 (1977). Warren does not, and cannot, claim that he has been injured by the "battery" of discriminatory employment practices described in the third amended complaint. Because Warren has never worked for Nucor, it is inconceivable that he has suffered the same injuries as Nucor employees who seek relief regarding on-the-job discrimination, including discriminatory pay and promotion practices, racially hostile work conditions, and unequal terms and conditions of employment.[4]

---

[3]As explained by the Supreme Court in *General Tel. Co. v. Falcon*, 102 S. Ct. 2364 (1982), the commonality, typicality, and adequacy of representation requirements tend to merge. The commonality and typicality requirements "[b]oth serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of class members will be fairly and adequately protected in their absence. [The commonality and typicality] requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement raises [additional] concerns about the competency of class counsel and conflicts of interest." *Id*. at 2370 n.13.

[4]Warren's status as a rejected applicant may disqualify him as an adequate representative based on a conflict of interest with class members who are currently employed by Nucor and seek promotions. *See General Tel. Co. of the Northwest, Inc. v. E.E.O.C.,* 100 S. Ct. 1698, 1707 (1980)("In employment discrimination litigation, conflicts might arise, for example, between employees and applicants who were denied employment and who will, if granted relief, compete

At the most, Warren is a member of a class of rejected applicants. However, he does not qualify as an adequate representative for such a class.

Adequacy of representation, required under Rule 23(a)(4), is perhaps the most important of all prerequisites to certification of a class action. *See Bishop v. Committee on Professional Ethics and Conduct*, 686 F.2d 1278, 1288 (8th Cir. 1982). A factor relevant to the determination of adequacy of representation is the named party's familiarity with the conditions he challenges on behalf of the class. *See Linder v. Litton Systems, Inc.,* 81 F.R.D. 14 (D.C. Md. 1978). When Warren mailed his resume to the Armorel plant in September 2003, he provided a residential address located in Texarkana, Arkansas, approximately 300 miles away from Armorel. *See* docket entry #30, Ex. A. Warren does not allege he had any further contact with the Armorel plant or that he is familiar with any of the unnamed Armorel class members. The Court finds that Warren's limited contact and familiarity with the Armorel plant disqualifies him as an appropriate class representative. *See Smith v. Merchants and Farmers Bank of West Helena*, 574 F.2d 982 (8th Cir. 1978)(affirming denial of class certification in employment discrimination case where the plaintiff lived 500 miles away from defendant's workplace and had only limited contact with defendant), *overruled in immaterial part by Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 479 (1978).

Additional circumstances convince the Court that Warren is not eligible to represent a subclass of rejected applicants. First, Warren's failure-to-hire claim raises unique issues that will

---

with employees for fringe benefits or seniority. Under Rule 23, the same plaintiff could not represent these classes.")

require his attention.[5] Nucor has submitted a copy of the resume Warren mailed to the Armorel plant. *See* docket entry #30, Ex. A. In that one-page, handwritten document, there is no indication of Warren's race or a request to fill a particular job vacancy at Nucor. Nucor asserts that, based on the content of the resume, it had no knowledge of Warren's race and could not, therefore, discriminate against him on the basis of his race. Nucor also claims that Warren failed to apply for a particular job opening and failed to complete Nucor's application process. The Court finds that a real danger exists that Warren will be preoccupied with countering Nucor's defenses and, as a result, class members will suffer.

Second, it is unlikely that Warren can provide adequate representation for a class in this case while, at the same time, prosecuting his failure-to-hire claim pending in the Northern District of Texas. Third, Warren's failure to prosecute the putative class claims he initiated in Texas and his abandonment of those claims indicate to the Court that he will not vigorously pursue the interests of a class in this case.[6]

The Court concludes that Warren cannot satisfy Rule 23(a) requirements for certification of the putative Armorel class because he is not a member of the entire class he seeks to represent, and he is not a suitable representative of the entire class or any possible subclass. *See In re Milk Products Antitrust Litigation*, 195 F.3d 430 (8th Cir. 1999)(proposed class could not be certified

---

[5]The Court should avoid inquiring into the merits of Warren's individual claims at this juncture; however, the Court must consider factual and legal issues connected to Warren's claim to the extent that they affect his ability to meet Rule 23(a) requirements.

[6]In the order striking Warren's class action claims, Judge Godbey noted that Warren failed to serve his motion for class certification and failed to respond to Nucor's motion to strike. According to docket entries in the Texas litigation, Warren did not request an extension of time to meet his deadlines and simply abandoned the class claims without notifying the Court.

where only remaining named plaintiff could not provide adequate representation for the class). Accordingly, the Court will grant Nucor's motion to strike Warren's class allegations.

Because Warren's class allegations have been eliminated, his motion to compel is denied to the extent that he seeks discovery relevant only to the issue of class certification and class claims. Warren is entitled, however, to discover information relevant to his individual failure-to-hire claim, which remains.

Warren argues that evidence of a general pattern and practice of discrimination is relevant to his individual claim. He attempts to obtain pattern-and-practice evidence with broad discovery requests such as "the applications of all individuals who have applied for employment at Nucor Steel-Arkansas from December 8, 1999 to present", "a copy of all documents identifying by name, race and complete employment history, every employee hired for a position at the defendant company from December 8, 1999 to present", and "any test, examination, scored interview, or assessment . . . that has been administered by Nucor . . . for any purpose . . . . " Docket entry #25, App. A (requests for production nos. 1-2), App. B (interrogatory no. 6).

In order to prove his individual discrimination claim, Warren must have evidence that Nucor discriminated against him, as an individual; statistical evidence showing a pattern of discrimination against others will not suffice. Pattern-or-practice evidence may be relevant to the issue of pretext, but such evidence, without more, will not enable Warren to establish that Nucor failed to hire him because of his race. The crucial inquiry is the reason Nucor failed to hire Warren, in particular. *See Cooper v. Federal Reserve Bank of Richmond*, 104 S. Ct. 2794, 2799 (1984)("The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding

an individual's claim is the reason for a particular employment decision . . . . "). Given Warren's sparse allegations, the Court finds no cause to compel Nucor to respond to broad discovery requests seeking evidence of a group-wide discrimination. *See Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005)(upholding trial court's decision to limit discovery in employment discrimination case).

Warren asserts that he is entitled to information regarding "applicants or bidders he was competing against, what such competitors' background and qualifications were, what procedures or criteria defendants applied in the selection process, and why other applicants or bidders were selected . . . . " Docket entry #34, at 8. The Court agrees that Warren is entitled to foregoing and similar information, provided that it is limited to the Armorel plant and concerns events and conditions existing near the submission of Warren's resume in September 2003.

### III. Plaintiffs' Motion to Compel Regarding Blytheville Allegations

Plaintiffs ask the Court to compel answers to interrogatories and requests for production, which they claim are necessary for the preparation of an expert report on the issue of class certification for the proposed Blytheville class. Plaintiffs have classified the information sought into three categories: (1) personnel data, including computerized data; (2) information regarding Nucor's selection and pay procedures and decisions; and (3) information requested by Plaintiffs for which Nucor has asserted no objections.

**Personnel Data**

Nucor objects to Plaintiffs' requests for plant-wide personnel data, asserting that discovery should be limited to information regarding the single production department where Plaintiffs actually work or worked. According to Nucor, the Supreme Court's decision in

10

*General Telephone Co. v. Falcon*, 102 S. Ct. 2364 (1982), precludes Plaintiffs from discovering data concerning individuals who work in other departments under different supervisors.[7]

In *Falcon*, the Court held that before a suit can be certified as a class action under Fed. R. Civ. P. 23, a plaintiff who wishes to represent the class must demonstrate that his specific claim is typical of the claims of would-be class members.[8] The issue before the Court in *Falcon* was the propriety of a district court approving a class action without a specific presentation showing how the claims of the named plaintiff were typical of the class members he sought to represent. Conversely, the issue currently before this Court is whether Plaintiffs' request for plant-wide personnel data is discoverable.

Plaintiffs claim that Nucor operates the entire Blytheville plant pursuant to policies and practices that deny black employees desirable job assignments, promotional opportunities, training, and other benefits afforded to white employees. They claim that a plant-wide policy of discrimination has resulted in promotion decisions unfavorable to them and unnamed class members alike.

Clearly, plant-wide personnel data is most relevant to Plaintiffs' theory of discrimination and Rule 23 issues of numerosity, commonality, and typicality. Nucor asserts that the Court should limit discovery to the department where Plaintiffs work because employment policies and

---

[7]Nucor also cites *Carman v. McDonnel Douglas Corp.*, 114 F.3d 790 (8th Cir. 1997) for the proposition that "a plaintiff alleging disparate treatment is not entitled to company-wide discovery absent a showing of a particular need and relevance for the requested information." Docket entry #24, at 7. Unlike the present case, Carman involved a single discriminatory termination claim.

[8]The Court did not hold, as Plaintiffs suggest, that in all cases, a district court must permit pre-certification discovery before deciding whether certification is proper.

decisions at the Blytheville plant are compartmentalized within each separate department. But whether the Blytheville plant operates each department as an autonomous unit or according to a central policy of discrimination is a central issue in this case; thus information about the various departments is relevant and presumptively discoverable under Fed. Rule Civ. P. 26(b)(1).

The Court concludes that the Blytheville Plaintiffs are entitled to plant-wide personnel information, but only with respect to the Blytheville plant.

**Selection and Pay Policies and Procedures**

Plaintiffs seek information about Nucor's "selection and pay procedures" and information about testing or other assessment used in the various Blytheville plant departments for making hiring, transfer, and promotion decisions. They also seek documentation of job postings, job descriptions, and job analyses.

Nucor objects to providing information and documentation regarding selection and pay procedures and assessment tools utilized in departments in which Plaintiffs never worked nor sought employment. Plaintiffs allege that Nucor maintains practices that prevent black employees from applying for promotions and desirable job assignments. Accordingly, information regarding the selection and pay procedures of each department in the Blytheville plant is relevant and discoverable.

**No Objection Asserted**

Plaintiffs state that Nucor has failed to provide answers to discovery requests to which it does not object–specifically, interrogatories and document requests concerning data maintained

in the department in which Plaintiffs work. The Court finds that Plaintiffs are entitled to such information.

IT IS THEREFORE ORDERED that Plaintiff Warren's motion to compel (docket entry #25) is GRANTED to the extent that Defendant is ordered to provide complete responses to discovery requests relevant to Warren's individual failure-to-hire claim, limited in geographic and temporal scope as stated in this order, within thirty (30) days from the entry date of this order. Warren's motion is DENIED to the extent that he seeks discovery relevant to the proposed Armorel class claims.

IT IS FURTHER ORDERED that Defendants' motion to strike Plaintiff Warren's class allegations (docket entry #29) is GRANTED. All class action allegations concerning Defendants' facilities in Armorel, Arkansas are hereby stricken from the third amended complaint.

IT IS FURTHER ORDERED that Plaintiffs' motion to compel (docket entry #22) is GRANTED. Defendants are directed to provide complete responses to Plaintiffs' discovery requests insofar as they concern claims pertaining to Defendants' Blytheville, Arkansas facilities.

IT IS SO ORDERED THIS 5th DAY OF JULY, 2005.

/s/Susan Webber Wright

CHIEF JUDGE
UNITED STATES DISTRICT COURT