**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| CORNELIUS BENNETT, ET AL. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| VS. | * | |
| | * | NO. 3:04CV00291 SWW |
| NUCOR CORPORATION, ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## ORDER

Seven plaintiffs bring this employment discrimination case, a putative class action, against Nucor Corporation, Nucor-Yamato Steel Company, and Nucor Steel-Arkansas (hereinafter, referred to collectively as "Nucor"). Plaintiffs filed a motion to compel depositions of attorneys who serve as trial or litigation counsel for Nucor in this case. Nucor filed a response opposing the motion to compel, and a motion for a protective order preventing the depositions. Plaintiffs have responded to Nucor's motion, and Nucor has filed a reply. After careful consideration, and for the reasons that follow, Nucor's motion for a protective order will be granted.[1]

---

[1] Generally, applications for orders compelling depositions of non-parties must be made to the court in the district where the depositions are to be taken. *See* Fed. R. Civ. P. 37(a)(1). Additionally, Fed. R. Civ. P. 26(c) authorizes the issuance of protective orders by "the court in which the action is pending or alternatively, on matters related to a deposition, the court in the district where the deposition is taken."

In this case, depositions of the non-party attorneys would most likely take place in

**I.**

Six of the seven plaintiffs in this case claim that Nucor discriminated against them by preventing them from competing for promotions and subjecting them to a racially hostile work environment.  In response to Plaintiffs' hostile environment claims, Nucor asserts the affirmative defense provided under *Burlington Industries v. Ellerth*, 118 S. Ct. 2257 (1998) and *Faragher v. Boca Raton*, 118 S. Ct. 2275 (1998). [2]

Five attorneys associated with Alaniz & Schraeder, LLP ("the A&S attorneys") represent

---

Houston, Texas, where the attorneys reside.   In fact, Plaintiffs have served two of the attorneys subpoenas for depositions in Houston.  *See* docket entry #62, Ex. 4.  Judge Lee H. Rosenthal, United States District Judge for the Southern District of Texas, denied without prejudice Nucor's motion to quash the subpoenas "pending Judge Wright's ruling on plaintiffs' motion to compel these depositions and Nucor's motion for protection pending in *Bennett v. Nucor Corp.*, No. 3:04CV291, in the United States District Court for the Eastern District of Arkansas . . . . " *Bennett v. Nucor Corp*, 4:06MC00046, docket entry #2 (S.D. Tex.).

Based on Judge Rosenthal's order, the Court finds that it has jurisdiction to decide Plaintiffs' motion to compel and Nucor's motion for a protective order.  *See* Advisory Committee Note to the 1970 amendments to Fed. R. Civ. P. 26(c) Protective Orders ("The court in the district where the deposition is being taken may, and frequently will, remit the deponent party [seeking a protective order] to the court where the action is pending.").

[2]In *Faragher* and *Ellerth*, the Supreme Court held in pertinent part as follows:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.  When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence . . . . The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Burlington Industries v. Ellerth*, 118 S. Ct. 2257, 2270 (1998);  *Faragher v. Boca Raton,* 118 S. Ct. 2275, 2293 (1998).

Nucor in this case. On January 27, 2006, Plaintiffs filed a motion to compel depositions of the A&S attorneys. In support of their motion, Plaintiffs assert that the A&S attorneys "are subject to discovery because they were the ones who conducted the internal investigation that has been pled as an affirmative [*Farragher/Ellerth*] defense in this case." Docket entry #59, ¶ 5. Plaintiffs also argue that the A&S attorneys' investigation "was conducted for, and used in, the internal operation of Nucor's manufacturing plant" and that "the attorneys' law firm provided routine in-plant training to Nucor's employees on the employment practices at issue in this case." Docket entry #60, at 1.

Nucor acknowledges that in October 2003, A&S attorneys conducted an investigation at Nucor's request, which included taking affidavits of several Nucor employees. Nucor states that it produced the affidavits in response to Plaintiffs' requests for production of documents and that Plaintiffs are free to question the affiants as to their personal knowledge of facts recited in the affidavits. Nucor insists that the A&s attorneys conducted the investigation solely "in anticipation of foreseeable litigation based on a series of EEOC charges filed by Plaintiffs' counsel claiming race discrimination." Docket entry #64, at 3. Nucor states that it has no intention to use the A&S investigation as the basis for a *Faragher/Ellerth* defense.[3]

## II.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party may depose "any person"

---

[3]As stated in the preceding footnote, the *Farragher/Ellerth* defense requires an employer to show that it exercised reasonable care to *prevent and correct promptly* any harassing behavior. *See Ellerth*, 118 S. Ct. at 2270. It is undisputed that the investigation at issue occurred only after Nucor employees filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC"). Nucor argues that the A&S investigation has no bearing on whether it exercised reasonable care to prevent and correct promptly any harassing behavior because it occurred after EEOC charges were filed.

acquainted with facts relevant to a claim or defense of any party.  However, in *Shelton v. American Motors Corp*. 805 F.2d 1323 (8th Cir. 1986), the Eighth Circuit held that a party seeking to depose opposing counsel in a pending case must show that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton,* 805 F.2d 1323, 1327 (8th Cir. 1986).  The Court gave the following explanation for its decision to restrict the circumstances in which opposing counsel may be deposed:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent.

*Id*. at 1327.

Under *Shelton*, a party seeking to depose opposing counsel in a pending case must show that no other means, short of deposing opposing counsel, exist to obtain the information sought, and such information is relevant, non-privileged, and crucial to the case.

In support of their motion to compel depositions, Plaintiffs argue that information about the attorneys' investigation is relevant and non-privileged because "it has been pled as an affirmative defense."  However, Nucor has declared that it will not use the A&S investigation as the basis of a *Faragher/Ellerth* defense.  The Court understands this to mean that Nucor will not use the fact of the investigation, or any evidence regarding the details or substance of the investigation, to show that Nucor exercised reasonable care to prevent and correct promptly any

4

harassing behavior. With this understanding, the Court finds that Plaintiffs have failed to show that information regarding the A&S investigation is relevant or crucial to a claim or defense in this case.

Plaintiffs argue that the A&S attorneys are subject to oral depositions because they provided Nucor employees training aimed at compliance with anti-discrimination laws. Information about Nucor's compliance training is most certainly relevant and discoverable. However, Plaintiffs have failed to show that no other means exist, other than deposing trial counsel, to obtain such information.[4]

### III.

IT IS THEREFORE ORDERED that Nucor's motion for a protective order preventing depositions of opposing counsel (docket entry #63) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion to compel depositions (docket entry #59) is DENIED.

IT IS SO ORDERED THIS 28TH DAY OF FEBRUARY, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] Nucor states that Plaintiffs have deposed Nucor employees regarding the company's compliance training, and Nucor has provided Plaintiffs a copy of its training records. *See* docket entry #64, at 11.