**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | | |
|---|---|---|
| **CORNELIUS BENNETT, *et al.*,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO:** |
| **V.** | § | **3:04 CV-00291 SWW** |
| | § | **JURY DEMAND** |
| | § | |
| **NUCOR CORPORATION, *et al.*,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**RESPONSE OF DEFENDANT NUCOR-YAMATO STEEL COMPANY (LIMITED
PARTNERSHIP) TO PLAINTIFFS' MOTION TO COMPEL ANSWERS TO
INTERROGATORIES AND PRODUCTION REQUESTS**

Plaintiffs' Motion seeks to compel Defendant to produce irrelevant and duplicative

information.  Plaintiffs' Motion to Compel places 3 items at issue.

1. First, they ask Nucor-Yamato to create a written document compiling all information on
   every job decision made at the facility since 1999, including the reason each candidate
   was selected.  Such a document does not exist now, nor has it ever existed.  However,
   Nucor-Yamato has produced every employment document, interview note, personnel file,
   and database about every decision made since 1999.  Further, Plaintiffs have already
   deposed numerous decisionmakers at the facility on a long list of specific job decisions.
   Requiring Nucor-Yamato to do Plaintiffs' work and draft a document that accurately
   reflects hundreds of job decisions would be unduly burdensome.  The task would require
   hundreds of hours of effort including review of personnel files, interviews of
   decisionmakers, and attempts to refresh memories about decisions made up to 7 years
   ago.  Nothing in the rules and no caselaw permits Plaintiffs this type of discovery in a
   class action case.

2. Second, Plaintiffs seek 11 additional years of documents—an issue that was previously
   addressed in Defendants' pending Motion for Protective Order.  As Defendants' Motion
   noted, these additional documents are well outside the relevant statutes of limitations;
   their production would require countless hours of additional compilation and review; and

1

consistent precedent holds that such stale information is irrelevant to named plaintiffs' claims.   Most importantly, Defendants already produced complete personnel files containing all employment records for each production employee going back to their original hire.

3. Third, Plaintiffs seek information about temporary employees that either has already been produced or is not in Nucor-Yamato's possession.   A limited number of temporary employees are assigned to Nucor-Yamato, yet they are not employees of Nucor-Yamato, and all personnel decisions relating to them are made by their respective employers.   If a temporary employee has ever applied to be considered for an open position at Nucor-Yamato, any information on that candidate is contained in the job posting database that has been produced to Plaintiffs.   Additionally, Nucor-Yamato has produced the personnel files of all production employees, including any temporary employees hired permanently. Nucor-Yamato does not have any additional information on temporary employees. Moreover, governing precedent holds that temporary employees have no commonality with permanent employees, so none of the Named Plaintiffs could represent their interests.

Like the discovery requests covered by Defendant's Motion for Protective Order, Plaintiffs' requests here will only serve to delay this case and prejudice Defendants.   This point is particularly relevant in light of the two and a half years of discovery Plaintiffs have already had in this case.

**I.       The Rules Do Not Require Defendant to Manufacture Documents**

Plaintiffs' first two requests merely seek to have Defendant compile and summarize the hundreds of thousands of pages of documents produced and the dozens of hours of deposition testimony in this case.   This is the job of Plaintiffs' counsel, and the Rules do not permit that burden to be shifted to the Defendant.   *See* Fed. R. Civ. P. 33(d).   Defendants' counsel has already provided personnel files which contain every record, regarding every promotion bid, for the entire class that Plaintiffs seek to represent, as well as all existing interview notes for many of the class members.   Federal Rule of Civil Procedure 33(d) provides:

Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, *including a compilation, abstract or summary thereof, and the burden of deriving or*

> *ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.* A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Accordingly, Plaintiffs' interrogatory requesting Defendant to create a list of reasons for non-selection of putative class members when that information is already contained in the documents produced offends Rule 33.   Additionally, Plaintiffs have had these personnel files and interview notes for almost a year.   To ask the Defendant to summarize the work records of each and every potential class member at the eleventh hour of the discovery period—after the very same work records have already been provided for Plaintiffs and all other African-American employees in production departments—would be an undue burden.   Accordingly, Plaintiffs Motion to Compel the creation of such a summary should be denied.

## II.     Plaintiffs are Not Entitled to Eleven Additional Years of Documents

Plaintiffs seek all employment documents and databases going back to 1988—11years outside the relevant statutes of limitations.   While the discovery rules are liberal, no case supports this irrelevant, unfettered inquiry made by Plaintiffs.   Defendant has already thoroughly briefed this issue and incorporates by reference all of its positions raised in its pending Motion for Protective Order.

## III.     Plaintiffs' Request for Information on Temporary Employees Has No Merit

Not only has Defendant already provided all information in its possession on temporary employees, but this information is also irrelevant to the certification of a class of current Nucor-Yamato employees.   Defendant has produced every job posting document and database for

employees going back to 1999.   This information includes whether any external candidate, including temporary employees, ever bid on a job or were selected for a position.   Additionally, any temporary employee who was hired by Nucor-Yamato has a complete personnel file that was produced by Nucor-Yamato.   Defendant simply has no further documentation about temporary workers in its possession to produce.[1]

Even if there was additional information on temporary employees, that information has no bearing on this case.   Temporary employees are just that—temporary.   They are employees of the agencies which hired them, not of Nucor-Yamato.   Nucor-Yamato does not pay them, does not provide benefits to them, and does not ultimately direct their work or assignments to the mill. Temporary employees are not eligible for promotion, nor are they subject to the same disciplinary, attendance, or training policies as permanent employees.   Moreover, the fact that Plaintiffs now seek to represent temporary employees further highlights the across-the-board nature of this class action, and the fact that individual issues will predominate over common issues if this class is certified.   The Eastern District of Pennsylvania refused to certify such a class in a similar case, stating the following:

> Plaintiffs bring claims alleging across the board discrimination in the areas of discipline, termination, compensation, training, work assignment, *hiring of temporary employees*, and promotions. Plaintiffs also allege a hostile work environment. The plaintiffs are not claiming that each worker was affected by the alleged discriminatory practices in the same manner. Rather, subjective standards will apply as the putative class includes individuals employed in different divisions, under different supervisors, for varying durations of time over a seven year period. Assuming arguendo that [Defendant] operated in a discriminating manner, calculating compensatory and punitive damages, as opposed to simply back pay, of 200 persons would prove to be quite an individualized task . . . Thus, I conclude that in the present action, monetary relief predominates and precludes (b)(2) certification.

---

[1] Plaintiffs make an unsupported allegation that Nucor-Yamato maintains an electronic database of temporary employees, but Nucor-Yamato does not maintain any central electronic database for temporary employees assigned to the facility.

*Miller v. Hygrade Food Products Corp.*, 198 F.R.D. 638, 642 (E.D. Pa. 2001).[2]

Any introduction of additional information about temporary employees at this point would only serve to further erode the alleged commonality and predominance of the class. Plaintiffs are already trying to connect employees from 5 diverse departments, with different skills, different supervisors, and different promotions procedures. Temporary employees who do not even work for Nucor-Yamato certainly do not meet the commonality requirement for inclusion in the proposed class. Therefore, Plaintiffs' request to compel disclosure of information about temporary employees should be denied.

**CONCLUSION**

The current discovery disputes are a product of Plaintiffs' own creation. After filing their original lawsuit in 2003, Plaintiffs waited until less than one month before the discovery deadline to request 60 depositions, the deposition of Nucor Corporation's CEO, 11 additional years of documents, non-existent documents on every temporary employee who has ever been assigned to Nucor-Yamato, as well as asking Defendant to create a voluminous summary of all of the evidence already produced in this case. Individually, these discovery requests would be unduly burdensome and prejudicial to Defendant. Taken together, the inherent prejudice from these burdensome, overbroad, and tardy requests is unavoidable.

Respectfully submitted,

Terry E. Schraeder
Alaniz & Schraeder, L.L.P.
2500 City West Boulevard, Suite 1000
Houston, Texas  77042
Tel:  (281) 531-0927
Fax: (281) 531-8024

---

[2] Information on temporary employees would be equally irrelevant in the hiring context.  As briefed fully in Defendants' Brief in Opposition to Class Certification, Section VI., Plaintiffs cannot maintain a hiring class in this case, particularly in light of the fact that they have no hiring representative.  Information on temporary employees would not provide any relevant information to meet their heavy burden for a hiring claim.

D.P. Marshall Jr.
Barrett & Deacon, P.A.
300 South Church Street
P.O. Box 1700
Jonesboro, AR  72403

By:   /s/ Andrew Dallas____

ATTORNEYS FOR DEFENDANT
Nucor-Yamato Steel Company (Limited Partnership).

I hereby certify that on the 2nd day of June, 2006, I electronically filed the foregoing document with the Clerk of Court using the CM-ECF system, which shall send notification of such filing to the following:

Robert L. Wiggins, Jr.
Ann K. Wiggins
Benjamin DeGweck
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203

Phillip E. Kaplan
Kaplan, Brewer, Maxey & Haralson, P.A.
415 Main Street
Little Rock, Arkansas 72201

I also mailed this document to:

David Sanford
2121 K. Street NW, Suite 700
Washington, D.C.  20037

Grant Morris
7 Dupont Circle NW
Washington, D.C.  20036

/s/ Andrew Dallas____
Andrew Dallas