**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| CORNELIUS BENNETT, ET AL. | * | |
| Plaintiffs | * | |
| VS. | * | |
| | * | NO.  3:04CV00291 SWW |
| NUCOR CORPORATION and | * | |
| NUCOR-YAMATO STEEL | * | |
| COMPANY | * | |
| Defendants | | |

**ORDER**

Six plaintiffs bring this employment discrimination case against Nucor Corporation and Nucor-Yamato Steel Company (collectively "Nucor") pursuant to Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981.   Before the Court is Nucor's motion to sever for trial (docket entry #198), Plaintiffs' response in opposition (docket entry #200), and Nucor's reply (docket entry #201).  After careful consideration, and for the reasons that follow, Nucor's motion will be denied.  Additionally, as explained below, trial in this case will be continued, and a new trial date will be set in a separate order.

Trial in this case is set to begin October 14, 2008 in Jonesboro.  The claims remaining for trial are as follows:  (1) claims for racially hostile environment asserted by each plaintiff; (2) an involuntary transfer claim asserted by Cornelius Bennett; (3) a retaliation claim asserted by Sylvester Rogers; and (4) claims for failure-to-promote, involuntary transfer, and retaliation asserted by Clifton Lee.

Nucor requests that Plaintiffs' hostile environment claims be tried separately from the disparate treatment and retaliation claims.   All claims and issues sharing common aspects of law

or fact may be consolidated or joined for trial to avoid unnecessary cost or delay, *see* Fed. R. Civ. P. 42(a), and consolidation will be upheld absent a clear abuse of discretion, *see EPA v. City of Green Forest, Arkansas*, 921 F.2d 1394, 1402 (8th Cir.1990).  Even when consolidation is appropriate, however, separate trials may be ordered "for convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).

Nucor presents three arguments in support of separate trials.  First, Nucor asserts that Plaintiffs' hostile environment claims share no common questions of law or fact with the other discrimination and retaliation claims joined in this case.   Plaintiffs disagree and note, correctly, that in *Williams v. Conagra Poultry Co.*, 378 F.3d 790, 794 (8th Cir. 2004), the Eighth Circuit held that evidence of a racially hostile working environment is probative of managerial motives relevant to disparate treatment claims and to a plaintiff's eligibility for punitive damages.

Second, Nucor asserts that separate trials are necessary in order to avoid jury confusion and undue prejudice to Nucor because evidence regarding Plaintiffs' hostile environment claims would likely be irrelevant to disparate treatment and retaliation claims.  However, in light of Eighth Circuit case law, it is quite possible that evidence of a hostile working environment will be relevant to Plaintiffs' disparate treatment and retaliation claims.  *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)(holding that evidence about a climate of racial hostility was relevant to establish why one plaintiff was fired and whether another plaintiff claiming retaliatory discharge had a reasonable belief that his coworker's discharge was based on race); *see also Hawkins v. Hennepin Technical Center,* 900 F.2d 153, 155-56 (8th Cir. 1990)(citations omitted)("Because an employer's past discriminatory policy and practice may will illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial.").

Third, Nucor contends that separate trials would promote judicial economy, witness convenience, and minimize disruptions to Nucor's business operations. According to Nucor, two separate trials will reduce the number of witnesses needed during each trial. Nucor anticipates that unless the claims are severed, the jury trial currently set for October 14, 2008 will last eight to ten days. Nucor proposes that all claims other than Plaintiffs' hostile environment claim be tried together beginning October 14, 2008, and it projects that these claims could be tried in three and one-half days. Nucor anticipates that a second trial of Plaintiffs' hostile environment claims would last four to five days.

Plaintiffs maintain that separate trials will not save time or resources because the same witnesses and evidence of racial hostility and disparate treatment will be presented at both trials. Plaintiffs assert that even if the case proceeds on two separate trials, each trial will consume eight to ten days, thus it would be more convenient and economical for all evidence to be presented in a single trial.

After careful consideration, the Court finds that separate trials are not warranted in this case. However, other matters on the Court's calendar preclude the possibility of extending trial into the week of October 20, 2008. Because the parties estimate that trial will last eight to ten days, the Court finds that the case must be continued. The Court will contact the parties regarding possible trial dates, and a new trial date will be set in a separate order.

IT IS SO ORDERED THIS 10TH DAY OF JULY, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE