IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CORNELIUS BENNETT, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: |
| | ) 3:04 CV 00291 SWW |
| | ) JURY DEMAND |
| | ) |
| NUCOR CORPORATION, et al., | ) |
| | ) |
| Defendant. | ) |

**MOTION IN LIMINE TO EXCLUDE REFERENCE TO POSTING OR DISSEMINATION OF A RACIAL HARASSMENT POLICY (CORRECTED)**

Plaintiffs move to exclude all evidence, exhibits, argument or other reference to posting or dissemination of a racial harassment policy that is inconsistent with defendants' original interrogatory answers or the testimony of the company official attesting to such answers on defendants' behalf. As grounds for such exclusion in limine, plaintiffs state the following:

1. Less than a month before trial, Nucor has attempted to amend its 2006 answers to interrogatories 16 and 17 to state for the first time that a "Policy Statement on Harassment" has been "posted prominently throughout the NYS Mill on bulletin boards and can be accessed by all employees on the NYS company's intranet." *See* amended answer of September 18, 2009 (Exhibit A attached hereto); *compare id. with* Nucor's Final Supplemental Answer of March 8, 2006 (Exh. B attached).

2. Interrogatory 16 requested disclosure of "every method by which employees were made aware of any policy concerning prohibition of racial harassment" and "the frequency" of any

1

such dissemination. *See* Exhs. A and B attached. In answering such interrogatory on March 8, 2006, Nucor mentioned nothing about posting any racial harassment policy on its bulletin boards or the company intranet so it could be accessed by all employees. *See* Exh. B attached. It was not until 30 days before trial that Nucor first attempted to amend its answers to interrogatories 16 and 17 to allege that it had "prominently posted" a racial harassment policy on its bulletin boards throughout the plant and on the "NYS company intranet." *See* Exh. A attached.

3.  The foregoing interrogatory answers were signed under oath by Nucor's Controller, Keith Prevost. Mr. Prevost, however, testified in his deposition that Nucor does not even have a racial harassment policy, much less that it was ever "prominently" posted such a policy on bulletin boards or the company intranet. He testified:

> Q   Do you know of any written policy on racial harassment?
> A   Do I know of a written policy on racial harassment. Not -- not one that I can specifically identify.

Prevost Depo. 174:5-9. Keith Prevost is the plant's Controller in charge of personnel matters at the Blytheville plant to the extent that anyone has been given those responsibilities. Prevost Depo. at 14, 28-29. There are no other personnel or human resource employees at the plant except for the Personnel Clerks reporting to Prevost. *Id.*[1]

---

[1] Mike Dugan is the Department Manager for the plaintiffs' Roll Mill Department which is the largest department in the plant. He also testified that he knew of no such written racial harassment policy.

> Q.   Have you seen a plant-wide policy?
> A.   I have not seen a plant-wide policy, no.
>          * * *
> Q.   * * * Have you seen a written policy at this plant that pertains to this plant that prohibits racial harassment, racially hostile environment, or such things as confederate flags or racial slurs and

4.  Nucor has provided no justification for such a substantial reversal of its sworn interrogatory answers on the eve of trial on a subject that goes to the heart of the case — the defendant's effort to prevent or redress racial harassment and hostility. As the official designated to state the company's knowledge and practice in Nucor's interrogatory answers, Mr. Prevost testified that he had "made every effort humanly possible to answer every question to the best of our ability and as complete as we could, and I reviewed that and signed my name to that." Prevost Depo. at 12:7-23.

> Q Let me state the question again. Did you understand when answering the interrogatories that you verified that you were answering on behalf of the corporation, that you were the person charged with the responsibility for answering them accurately and completely and gathering the information necessary to do so?
> MR. LINKER: You can answer that question.
> A Okay. Yes, it's my understanding that -- that -- that we made every effort humanly possible to answer every question to the best of our ability and as complete as we could, and I reviewed that and signed my name to that.

Prevost Depo. at 12:7-23.

5.  Thus, there was no mistake in Nucor's original answers to interrogatories 16 and 17. Nucor has never contended that its original answers were mistaken. Nor has it otherwise explained why it has come forward at the last minute, after discovery has closed, to claim that it has "prominently posted" a racial harassment policy on its bulletin boards and company intranet site.

---

> that type of thing?
> A. Again, I don't recall seeing anything like that.

Dugan Depo. 313:4-7, 321:5-13. Other supervisors or leadmen also confirmed the absence of any written racial harassment policy. Warren Depo. at 79:21-80:8, 80:19-81:14, 82:4-13; Stacey Depo. 104:5-12; Gray Depo. 111:15-18 ("Q: Have you ever seen a policy against racial harassment? A: No.").

Keith Prevost could not have missed that fact if it were true. Interrogatory 16 asked a simple question — to state "each and every method by which employees were made aware of any policy concerning the prohibition of racial harassment."

6.  Plaintiffs have relied on defendants' original answers to interrogatories 16 and 17 for more than three years. They will be substantially prejudiced if Nucor is allowed to amend such answers so close to trial and after the opportunity to depose witnesses on such newly disclosed contention has expired.

7.  If the reason for Nucor's about-face on such posting or dissemination of a racial harassment policy is that the alleged posting only occurred in 2009 shortly before such posting was first disclosed on September 18th, then the amended answers should be struck under Rule 403 as irrelevant to the time period at issue in this case. The Eighth Circuit has held that "'actions taken in the face of litigation are equivocal in purpose, motive and permanence.'" *Craik v. The Minnesota State Univ. Bd.*, 731 F.2d 465, 478 (8th Cir. 1984) (quoting *James v. Stockham Valves & Fittings Co.*, 559 F.2d 310, 325 n. 18 (5th Cir.1977), *cert. denied*, 434 U.S. 1034 (1978) and *Jenkins v. United Gas Corp.*, 400 F.2d 28, 33 (5th Cir.1968)); *see also Brown v. Nucor Corp.*, 576 F.3d 149, 155 n.3 (4th Cir. 2009) ("post-suit changes have only minimal weight with regard to the merits of the plaintiffs' claims").

Respectfully submitted this 14th day of October, 2009.

    /s/Robert L. Wiggins, Jr.
Robert L. Wiggins, Jr., ASB-1754-G-63r
C. Michael Quinn, ASB-2365-642C
Ann K. Wiggins, ASB-7006-I-61A
Susan G. Donahue ASB-4525-A-48-D
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North

Birmingham, Alabama 35203
205/314-0500, 205-254-1500 (facsimile)

Nate Coulter
Wilson, Engstrom, Corum & Coulter
200 S. Commerce, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard D. Alaniz
Terry E. Schraeder
Cary A. Farris
John K. Linker
Jeff Mayes
Lisa M. Guerra
ALANIZ & SCHRAEDER, LLP
2500 City West Blvd.
Suite 1000
Houston, TX 77042

Andrew H. Dallas
Paul D. Waddell
Brandon J. Harrison
BARRETT & DEACON
Post Office Box 1700
Jonesboro, AR 72403

/s/Robert L. Wiggins, Jr.
OF COUNSEL