IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

```
CORNELIUS BENNETT, ET AL.         *
                                  *
              Plaintiffs          *
VS.                               *
                                  *     NO.  3:04CV00291 SWW
NUCOR CORPORATION and             *
NUCOR-YAMATO STEEL                *
COMPANY                           *

              Defendants
```

## ORDER

The Court convened a telephone conference in this case on October 8, 2009 regarding Defendants' omnibus motion *in limine* (docket entry #218), motion to exclude expert testimony by Dr. Edwin L. Bradley and Dr. Liesl M. Fox (docket entry #224), and motion to bifurcate (docket entry #222). Before the hearing, Plaintiffs filed a partial response to Defendants' omnibus motion *in limine* (docket entry #230), and counsel gave oral responses during the telephone conference. After careful consideration, and for reasons stated during the conference, Defendants' omnibus motion *in limine* is granted in part and denied in part, Defendants' motion to exclude expert testimony is denied as moot, and Defendants' motion to bifurcate is denied. <u>The Court's rulings on motions *in limine* are subject to revision based upon developments at trial.  However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury</u>.

The Court's rulings regarding specific matters addressed during the telephone conference are summarized below.

## I. Defendants' Omnibus Motion in Limine

(1) Facts and Evidence Related to Other Claims

Defendants assert generally that facts and evidence related to claims not asserted in this lawsuit are inadmissible under Rules 402 and 403 of the Federal Rules of Evidence. The Court will determine, on an item-by-item basis, whether such evidence is relevant and admissible under Rules 402, 403, and 404(b), and Plaintiffs are instructed to move for admission of such evidence outside the hearing of the jury.

In addition to a general objection regarding evidence of other claims of discrimination, Defendants seek exclusion, *in limine*, of specific items. Defendants' specific objections and the Court's rulings, stated during the telephone conference, follow.

> (a) Reference to claims, allegations, or evidence in non-party Danny Lee's case against Defendants. The Court finds that Danny Lee's allegations regarding discrimination, as described by Plaintiffs' counsel during the telephone conference, are relevant and admissible. Danny Lee may testify about what he saw, heard, and experienced. Additionally, the Court finds that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or other factors that are properly considered under Rule 403.
>
> (b) Evidence or testimony regarding a lawsuit filed by Clifton Lee against Nucor-Yamato. Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.
>
> (c) Evidence or testimony regarding *Brown v. Nucor Steel Berkely* and *White v. Nucor Steel Berkely*. Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.
>
> (d) Evidence or testimony that Plaintiff Ozzie Green's separation of employment was unlawful. Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.
>
> (e) Any evidence of EEOC charges or other actions not involving Plaintiffs. The Court will determine the admissibility of such evidence on an item-by-item basis as explained above, and Plaintiffs are instructed to move for admission of such evidence outside the hearing of the jury.

(2) Evidence Concerning Insurance, Finances, and Attorneys' Fees

The motion is granted to the extent that before Plaintiffs may present evidence regarding Defendants' insurance or financial worth, Plaintiffs must seek a ruling, outside the hearing of the jury, permitting such evidence. Counsel reports that Plaintiffs have no plans to introduce evidence regarding attorneys' fees. Accordingly, Defendants' motion, as it pertains to the exclusion of such evidence, is denied as moot.

(3) Evidence Related to the Mercer Surveys

The Court finds that evidence regarding survey results is inadmissible under Rule 802 of the Federal Rules of Evidence. However, Plaintiffs may introduce evidence that the survey occurred and that Defendants conducted follow-up investigations regarding survey results.

(4) Evidence Related to Non-Party Affidavits

Affidavits will not be received into evidence. However, affidavits may be used for the purposes set forth under Rule 613 of the Federal Rules of Evidence. Additionally, Plaintiffs may introduce evidence that Plaintiffs stated grievances in pre-lawsuit affidavits, but Plaintiffs may not introduce evidence regarding the details of such grievances.

(5) Plaintiffs Statistical Analyses of Defendants' Workforce

Counsel reports that the only statistical data that Plaintiffs will tender for admission is a chart prepared by Dr. Edwin L. Bradley showing the physical location of employees within Nucor's plant facilities. In a supplemental brief filed October 13, 2009 (docket entry #234), Nucor states that Plaintiffs' "simplistic demographic evidence that purports to show that Defendants somehow segregated [Nucor's] workforce" is not relevant to any issues in this case, and even if relevant, the probative value of such evidence is substantially outweighed by the

danger of unfair prejudice. The Court finds that the existence of a racially segregated workforce may be relevant to whether Plaintiffs were subjected to a racially hostile work environment. However, because the Court is without sufficient information to determine whether the probative value of Plaintiffs' chart is substantially outweighed by the danger of unfair prejudice, the Court makes no definitive ruling regarding admissibility. Plaintiffs are instructed to seek a ruling, outside the hearing of the jury, permitting such evidence.

(6) <u>Evidence Related to Dismissed Claims</u>

Defendants' motion is granted to the extent that Plaintiffs may not introduce evidence regarding claims previously asserted and dismissed in this case. Plaintiffs are instructed to move for admission of evidence other claims outside the hearing of the jury.

(7) <u>"Me Too" Evidence of Alleged Harassment and/or Discrimination of Other Employees</u>

Plaintiffs are instructed to move for admission of such evidence outside the hearing of the jury.

(8) <u>Reference of Assertions of Privilege During Discovery</u>

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

(9) <u>Reference to Specific Acts of Discrimination Asserted by Plaintiffs Not Raised in EEOC Charges</u>

Plaintiffs are instructed to move for admission of such evidence outside the hearing of the jury.

(10) <u>Reference to Accidents, Injuries or Deaths at Nucor Facilities</u>

Plaintiffs intend to offer evidence that Clifton Lee injured his back after his transfer to

Nucor's NYSI facility in 2003. The Court finds evidence of Lee's back injury is admissible to show that the work he performed after his transfer to NYSI was more physically demanding than work he had performed previously.

(11) <u>Reference to the Fact that Defendants Filed a Motion *in Limine*</u>

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

(12) <u>Reference to Settlement Discussions</u>

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

(13) <u>Reference to the Presence or Absence of a Union at Nucor Facilities</u>

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

(14) <u>Reference to Any Lay Witness's Opinion, Impression, or Subjective Belief Offered to Prove Discrimination</u>

Defendants' motion is denied as to such evidence. However, Plaintiffs must move for the admission of such evidence outside the hearing of the jury.

(15) <u>Reference to Criminal History of Defendants' Witnesses, Managers, Supervisors or Expert Witnesses</u>

Because Defendants do not specify particular evidence regarding the criminal history of Defendants' witnesses, managers, supervisors or expert witnesses, which they seek to exclude, the motion is denied. The parties have until October 16, 2009 to identify evidence they intend to offer pursuant to Rule 609 of the Federal Rules of Evidence.

(16) Reference to the Effect of Any Finding or Jury Question

Defendants withdraw the motion to exclude such evidence.

(17) Reference to Discovery Disputes and Rulings

Defendants' motion is granted. The parties are directed that they may not refer to discovery disputes or the Court's rulings in this case.

(18) Evidence, Allegations, Inference or Testimony that Defendants Destroyed or Concealed Documents

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

(19) Evidence or Testimony Tending to Contradict Judicially Admitted Facts

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

(20) Any Reference to the Failure to Call a Particular Witness

Defendants withdraw the motion to exclude such evidence.

(21) Reference to the Failure to Provide Expert Testimony or Decision to Rescind Designation of Expert Witness

Counsel reports that Plaintiffs have no plans to offer such evidence. Accordingly, Defendants' motion, as it pertains to such evidence, is denied as moot.

**II. Defendants' Motion to Exclude Expert Testimony by Dr. Bradley and Dr. Fox**

Counsel reports that Plaintiffs will not offer expert testimony from Dr. Edwin L. Bradley or Dr. Liesl M. Fox, but they will seek to introduce a chart, discussed *infra* Section I.(5), prepared by Dr. Bradley. As previously stated, the Court is without sufficient information to

determine whether the probative value of Dr. Bradley's chart is substantially outweighed by the danger of unfair prejudice. Accordingly, the Court makes no definitive ruling regarding admissibility, and Plaintiffs are instructed to seek a ruling, outside the hearing of the jury, permitting such evidence.

### III. Defendants' Motion to Bifurcate Issues of Liability and Damages

For the reasons stated during the telephone conference, Defendants' motion to bifurcate is denied. However, Plaintiffs are instructed that they must seek a ruling, outside the hearing of the jury, permitting evidence of Defendants' financial condition.

### IV. Designations of Evidentiary Depositions

The parties must designate the pertinent portions of an evidentiary deposition as soon as possible, and in no event later than the beginning of trial.

IT IS THEREFORE ORDERED that Defendants' omnibus motion *in limine* (docket entry #218) is GRANTED IN PART AND DENIED IN PART as provided in this order.

IT IS FURTHER ORDERED that Defendants' motion to exclude expert testimony by Dr. Edwin L. Bradley and Dr. Liesl M. Fox (docket entry #224) is DENIED AS MOOT. Unless the parties stipulate to admission of Dr. Bradley's chart concerning employee location, Plaintiffs are instructed to seek a ruling, outside the hearing of the jury, permitting such evidence.

IT IS FURTHER ORDERED that Defendants' motion to bifurcate (docket entry #222) is DENIED. Plaintiffs are instructed that they must seek a ruling, outside the hearing of the jury, permitting evidence of Defendants' financial condition.

IT IS FURTHER ORDERED that the parties must designate the pertinent portions of an evidentiary deposition as soon as possible, and in no event later than the beginning of trial.

IT IS SO ORDERED THIS 16TH DAY OF OCTOBER, 2009.

                                                  /s/Susan Webber Wright
                                                  UNITED STATES DISTRICT JUDGE