IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CORNELIUS BENNETT, et al., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO: |
| | ) 3:04 CV 00291 SWW |
| | ) JURY DEMAND |
| NUCOR CORPORATION, et al., | ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE FURTHER EVIDENCE
NOT RELEVANT TO THE HOSTILE ENVIRONMENT CLAIM**

Plaintiffs move in limine to exclude further evidence or argument referring to the following categories and any similar evidence or argument:

1. **Evidence Surrounding Rogers' Termination In 2008**: Sylvester Rogers' termination on October 24, 2008, is not a claim or issue in this case. A separate EEOC proceeding addresses those events, and they have no bearing on the racial harassment at issue in this case which occurred *years before* his termination. Such *subsequent* events can have no bearing on his damages in this case. Rogers seeks no damages regarding such events leading up to his termination on October 24, 2008. Whatever limited relevance might be argued is substantially outweighed by the danger of undue prejudice and jury confusion.

2. **Criticisms Of Plaintiffs' Job Performance:** Criticism of plaintiffs' job performance or whether they were perceived to be a "Team Player" are also too far afield to outweigh the prejudice and jury confusion that would result from introduction of such evidence.

1

3.  **Clifton Lee's Return Of Merchandise To The Nucor Store**: Nucor asked its Store Manager, Bernice Gray, if Clifton Lee had tried to return a clothing purchase he had made in the company store in 2000-2001 and whether he became rude in doing so. This evidence and contention should be excluded in limine because it has no relevance to the hostile environment claim in this case. Whatever limited probative value it might be argued to have is substantially outweighed by the jury confusion and undue prejudice which would result from its introduction.

4.  **Clifton Lee's Statements To A Cafeteria Employee To Stop Calling His 14-Year-Old Daughter**: Nucor has also elicited evidence during discovery that Clifton Lee asked an adult male in the plant cafeteria to stop calling and trying to date his 14-year-old daughter. To affect damages, the defendant would have to offer evidence that goes to the truth of what occurred, not just that it was reported to someone or was learned through rumors or other out-of-court hearsay. Nucor has only hearsay reports that Mr. Lee became angry about his daughter being subjected to such treatment and called the man a "raghead." Mr. Lee disputes this allegation, but it should be excluded altogether because it is hearsay and has nothing to do with whether *the plaintiffs* in this case experienced a racially hostile work environment. Whatever limited relevance these events might be argued to have is outweighed by the danger of jury confusion and undue prejudice.

5.  **Other Hearsay Allegations Against Plaintiffs**: Nucor may also try to argue or refer to other hearsay conversations or interactions that one or more of the plaintiffs is alleged to have had in the cafeteria, the parking lot or other places. Defendants have listed no witnesses having non-hearsay knowledge about these matters. To be relevant to damages, Nucor must prove that such events actually occurred, not just that they were heard about or documented based on hearsay. Plaintiffs deny that these events occurred in the manner argued by Nucor. The defendant cannot ask

them about such matters just for the jury to hear the question asked or to otherwise set up an artificial impeachment issue.

6. **Sylvester Rogers' Alleged Use Of The Word "Watermelon"**: Nucor has elicited evidence about an occasion in which a white supervisor asked two black employees in an overhead pulpit or crane if he (the Supervisor) would have to "throw some snakes" up in the cab to get them to come down and go to another work station, to which Rogers rejoined by saying that a "watermelon" might be better, or words to that effect. This did not create a hostile environment for Mr. Rogers, and the two black employees could have filed their own case if they think it created one for them. It is simply irrelevant, however, to the current case. The circumstances of this incident has no bearing whatsoever upon the racial hostility directed *at* the plaintiffs by their Caucasian co-workers and supervisors. Whatever limited probative value this circumstance might be argued to have is outweighed by a substantial risk of undue prejudice and jury confusion.

7. **Evidence That Certain Plaintiffs Used Strong Language Or Had Disagreements With Co-Workers:** Nucor has also listed exhibits about Larry McBride and Sylvester Rogers expressing themselves with strong language or having disagreements with co-workers in 2007-2008. These events also occurred so long after the damages at issue in this case that they could not have been a contributing factor in causing such damages. The events are irrelevant both to liability and damages. Nucor also never produced these exhibits or make known these accusations until last month, on September 4, 2009. Unlike the earlier motion in limine which primarily addressed documents produced years ago but never identified as an exhibit that Nucor intended to introduce at trial, these documents from 2007-2008 were never produced until long after the incidents occurred and were never identified as an exhibit until this past Monday, October 12, 2009. This deprived the

plaintiffs of the ability to conduct discovery or otherwise prepare for trial on these issues in 2007-2008.

8. **Evidence Regarding Plaintiffs' Taxes Or IRS Matters:** Nucor has sought evidence on one or more plaintiffs' taxes and the Internal Revenue Service issues, all of which are irrelevant to a hostile environment claim and are substantially outweighed by the danger of undue prejudice and jury confusion.

Respectfully submitted this 16th day of October, 2009.

/s/Robert L. Wiggins, Jr.
Robert L. Wiggins, Jr., ASB-1754-G-63r
C. Michael Quinn, ASB-2365-642C
Ann K. Wiggins, ASB-7006-I-61A
Susan G. Donahue ASB-4525-A-48-D
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205/314-0500, 205-254-1500 (facsimile)

Nate Coulter
Wilson, Engstrom, Corum & Coulter
200 S. Commerce, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203

## CERTIFICATE OF SERVICE

    I hereby certify that on October 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Richard D. Alaniz | Andrew H. Dallas |
| Terry E. Schraeder | Paul D. Waddell |
| Cary A. Farris | Brandon J. Harrison |
| John K. Linker | BARRETT & DEACON |
| Jeff Mayes | Post Office Box 1700 |
| Lisa M. Guerra | Jonesboro, AR 72403 |
| ALANIZ & SCHRAEDER, LLP | |
| 2500 City West Blvd. | |
| Suite 1000 | |
| Houston, TX 77042 | |

                                                /s/Robert L. Wiggins, Jr.
                                                OF COUNSEL