IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CORNELIUS BENNETT, ET AL.           *
                                    *
            Plaintiffs              *
VS.                                 *
                                    *      NO. 3:04CV00291 SWW
NUCOR CORPORATION and               *
NUCOR-YAMATO STEEL                  *
COMPANY                             *

            Defendants

## ORDER

The Court convened a telephone conference in this case on October 15, 2009 regarding Plaintiffs' motion *in limine* to preclude undisclosed witnesses (docket entry #235), Plaintiffs' motion *in limine* on matters having no bearing upon racial harassment claims (docket entry # 239), Plaintiffs' motion *in limine* to preclude undisclosed exhibits and evidence (docket entry # 240), Plaintiffs' motion *in limine* to exclude reference to posting or dissemination of a racial harassment policy (docket entries #241, #242), and Plaintiffs' motion *in limine* to preclude showing exhibits or deposition extracts before receipt into evidence (docket entry #243). Nucor gave oral responses during the telephone conference. After careful consideration, Plaintiffs' motions *in limine* are granted in part and denied in part. The Court's rulings on motions *in limine* are subject to revision based upon developments at trial. However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury. The Court's rulings regarding specific matters addressed during the telephone conference are summarized below.

**Plaintiffs' Motion *in limine* to Preclude Undisclosed Witnesses (docket entry #235)**

Plaintiffs seek to exclude the testimony of the following proposed witnesses: Ronnie Cato, Larry Sanders,[1] Greg Lark, Tim Patterson, Gary Jackson, Ron Mastowski, Joe Coleman, Johnny Banks, John Diamond, Donald Riley, Charlie Thomas, Harrell Damron, Wison Done, Jason Simons, Keith Shelton, Sandy Shaheen. In support of their motion, Plaintiffs state that Nucor failed to disclose witnesses Cato, Sanders, and Lark in Rule 26(a)(1) disclosures. Plaintiffs acknowledge that Nucor disclosed the remaining witnesses in a pretrial information sheet filed in October 2006 before the trial date was continued, but they provide evidence that after the Court granted partial summary judgment dismissing several claims in this case, these witnesses did not appear on Nucor's subsequent disclosures pursuant to 26(a)(1).

The Court finds that Nucor failed to timely disclose the thirteen witnesses listed above as required under Federal Rule of Civil Procedure 26(a)(1), and as a result, Plaintiffs are without an adequate opportunity to prepare for their testimony before trial. Accordingly, the Court will not permit these witnesses' testimony to be received over Plaintiffs' objection.

<u>Proposed Witness Marty Orr</u>

Plaintiffs move to exclude testimony from Marty Orr for failure to timely disclose the witness. However, Nucor has provided a copy of an agreement and stipulation signed by Plaintiffs' counsel, which states: "[A]ny discovery that was conducted in [*Rogers v. Nucor*, 4:05CV00933 WRW] may be used for the same purposes in the *Bennett* case that it would

---

[1] Nucor planned to offer Larry Sanders' testimony regarding Plaintiffs Bennett's and Roger's involuntary transfer claims. However, those claims were dismissed pursuant to stipulations of dismissal filed on October 14, 2009, and Nucor indicated during the telephone conference that it would not tender Sanders as a witness. Accordingly, Plaintiffs' motion is moot as to this witness.

otherwise have been available for use in the *Rogers* case."[2]   Additionally, Nucor notes that it listed Marty Orr in Rule 26(a) initial disclosures in *Rogers v. Nucor*, 4:05CV00933 WRW, which state that Orr "may testify based on knowledge of facts relating to Plaintiff's employment with the Defendant."

In light of the parties' agreement, the Court will not exclude Orr's testimony on the basis of untimely disclosure.  However, before Orr may take the witness stand, Nucor must tender him as a witness outside the hearing of the jury.

### Plaintiffs' Motion *in limine* to Preclude Undisclosed Exhibits and Evidence
### (docket entry #240)

Plaintiffs move for the exclusion of exhibits and evidence disclosed by Nucor on October 12, 2009, after the deadline for filing pretrial disclosures had expired.  Documents listed in Plaintiff's motion under the heading "Documents Never Before Disclosed as Exhibits Nucor May Use" will not be automatically received over Plaintiff's objection.  However, based on developments at trial, defendants may refer to such documents during cross examination.  Nucor must not show the jury any of these documents without first asking the Court outside the hearing of the jury.

Documents listed in Plaintiffs' motion under the heading "Undisclosed Exhibits About Non-Plaintiffs" will not be automatically received over Plaintiff's objection.  However, based on developments at trial, defendants may refer to such documents during cross examination.  Nucor

---

[2]The agreement was not filed or made part of the record in this case or in *Rogers v. Nucor*, 4:05CV00933 WRW.  Additionally, although this Court specifically denied Nucor's motion to consolidate this case with *Rogers v. Nucor*, 4:05CV00933 WRW, the agreement states that "any and all claims brought by Plaintiff in the *Rogers* case may be brought in *Bennett v. Nucor*, 3:04CV00291 SWW."  During the telephone conference, counsel for Nucor stated that this case "has absorbed" Rogers' claims filed in *Rogers v. Nucor*, 4:05CV00933 WRW, however, **the parties are without authority to override, by agreement, this Court's decision to deny Nucor's motion to consolidate**.

defendants may refer to such documents during cross examination.  Nucor must not show the jury any of these documents without first asking the Court outside the hearing of the jury.

Documents listed in Plaintiffs' motion under the heading "Undisclosed Exhibits About Danny Lee" will not be automatically received over Plaintiff's objection.  However, based on developments at trial, such documents may be used during cross examination**.**   Nucor must obtain a ruling, outside the hearing of the jury, permitting such evidence.

Documents from Plaintiffs' personnel files described in Plaintiff's motion under the heading "Undisclosed Exhibits About the Named Plaintiffs" will not be automatically received over Plaintiff's objection. Some of these exhibits were described in more detail than the aforementioned exhibits that were the subjects of the Plaintiffs' motion *in limine*, but the Court cannot at this time rule concerning whether the descriptions were adequate to give Plaintiffs notice concerning how the Defendants will use the documents at trial.  Therefore, the Court will not rule on their admissibility at this time.   Nucor must not show the jury any of these documents without first asking the Court outside the hearing of the jury.

**Plaintiffs' motion *in limine* on Matters Having no Bearing upon Racial Harassment Claims (docket entry #239)**

Plaintiffs move for the exclusion of evidence they describe as "a series of personal or *ad hominem* matters" such as evidence concerning Plaintiffs' finances, marital history, divorces, child custody issues, accident reports, attendance and safety records, disciplines or terminations, and Nucor's community recognition awards.  Plaintiffs argue that such evidence has no relevance to any fact that is of consequence to the determination of the remaining claims and that a portion of the evidence was not disclosed on Nucor's pretrial information sheet filed on September 18, 2009.

Any exhibit that Nucor failed to list on its pretrial information sheet will not be received over Plaintiff's objection. However, based on developments at trial, Nucor may refer to such documents during cross examination. Nucor must not show the jury any of these documents without first obtaining the Court's permission outside the hearing of the jury.

**Plaintiffs' Motion *in limine* to Exclude Reference to Posting or Dissemination of a Racial Harassment policy (docket entry #241)**

Plaintiffs move for the exclusion of evidence regarding a racial harassment policy that is inconsistent with Nucor's original interrogatory answers and testimony. The Court finds that Plaintiffs' objection regarding Nucor's inconsistent representations goes to the weight and credibility of the evidence. Accordingly, the motion *in limine* is denied, and Plaintiffs may show inconsistencies through cross examination.

**Plaintiffs' Motion *in limine* to Preclude Showing Exhibits or Deposition Extract to the Jury Before Receipt Into Evidence (docket entry #243)**

The motion is granted.

IT IS THEREFORE ORDERED that Plaintiff's motions *in limine* (docket entries #235, #239, #240, #241, #242, #243) are GRANTED IN PART AND DENIED IN PART as provided in this order.

IT IS SO ORDERED THIS 16TH DAY OF OCTOBER, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE