## COURT'S INSTRUCTION NO. 1

Ladies and gentlemen: The faithful performance of your duties as jurors is essential to the administration of justice. It is my duty as judge to inform you of the law applicable to this case by instructions, and it is your duty to accept and follow them as a whole, not singling out one instruction to the exclusion of others. You should not consider any rule of law with which you may be familiar unless it is included in my instructions.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testified about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and

that may depend on whether it has to do with an important fact or only a small detail.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations and other business entities, stand equal before the law and are to be dealt with as equals in a court of justice.

## COURT'S INSTRUCTION NO. 2

I have mentioned the word "evidence." Evidence includes the testimony of witnesses; documents and other things received as exhibits.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions, and comments by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I have sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when this occurred, and instructed you on the purposes for which the item could and could not be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with these terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## COURT'S INSTRUCTION NO. 3

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## COURT'S INSTRUCTION NO. 4

Each plaintiff claims that he suffered racial harassment from coworkers and supervisors, which created a racially hostile work environment. You will decide each plaintiff's claim independently and separately. Each plaintiff has the burden of proving each of the following elements:

*First*, the plaintiff was subjected to racially offensive language and graffiti, racially charged acts, and the sale or display of the confederate flag; and

*Second*, such conduct was unwelcome; and

*Third*, such conduct was based on the plaintiff's race; and

*Fourth,* such conduct was sufficiently severe or pervasive that a reasonable person in the plaintiff's position would find the plaintiff's work environment to be hostile or abusive; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, the plaintiff believed his work environment to be hostile.

If any of the above elements has not been proved, your verdict must be for the defendants and you need not proceed further in considering this claim. If, on the other hand, you find that the above elements have been proved, then you must consider whether the defendants are liable for the conduct of the plaintiff's coworkers and/or supervisors under Court's Instructions Nos. 5 and 6.

## COURT'S INSTRUCTION NO. 5

On the claim of racial harassment by coworkers, each plaintiff has the burden of proving each of the elements listed under Court's Instruction No. 4 and each of the following elements:

*First*, the defendants knew or should have known of the racially offensive language and graffiti, racially charged acts, and sale or display of the confederate flag; and

*Two*, the defendants failed to take prompt and appropriate corrective action to end the harassment.

If either of the above elements has not been proved, your verdict must be for the defendants.

## COURT'S INSTRUCTION NO. 6

On the claim of racial harassment by a supervisor, if you find the plaintiff has proved each element listed under Court's Instruction No. 4, and you find that the plaintiff was subject to racial harassment by a supervisor, your verdict must be for the plaintiff unless it has been proved by the defendants that (a) the defendants exercised reasonable care to prevent and correct promptly any harassing behavior; and (b) that the plaintiff unreasonably failed to take advantage of any procedures established by the defendants to report such racial harassment. If either of these elements has not been proved by the defendants, then your verdict must be for the plaintiff.

## COURT'S INSTRUCTION NO. 7

The term "supervisor" as used in these instructions means an employee with the power (not necessarily exercised) to take tangible employment action against the plaintiff, such as the power to hire, fire, promote, discipline, or reassign to significantly different duties.

## COURT'S INSTRUCTION NO. 8

In determining whether a reasonable person in the plaintiff's circumstances would find the plaintiff's work environment to be racially hostile or abusive, you must look at all the circumstances. The circumstances may include the frequency of the conduct complained of; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with the plaintiff's work performance; and the effect on the plaintiff's psychological well-being. No single factor is required in order to find a work environment hostile or abusive.

## COURT'S INSTRUCTION NO. 9

Conduct is "unwelcome" if the plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

## COURT'S INSTRUCTION NO. 10

Your verdict must be for Plaintiff Clifton Lee, Sr. on his retaliation claim if all of the following elements have been proved:

*First*, Plaintiff Lee complained to Defendants that he was being harassed on the basis of race; and

*Second*, Defendants transferred Plaintiff Lee from NYS II to NYS I; and

*Third*, Plaintiff Lee's transfer amounted to a materially adverse employment action such that a reasonable employee under the same or similar circumstances might well have been dissuaded from complaining about racial harassment; and

*Fourth*, Plaintiff Lee's complaining of racial harassment was a motivating factor in the defendants' decision to transfer Plaintiff Lee.

If any of the above elements has not been proved, your verdict must be for the defendants and you need not proceed further in considering this claim.

You may find that Plaintiff Lee's complaining of racial harassment was a "motivating factor" if it played a part in the defendants' decision to transfer him. However, Plaintiff Lee's complaining of racial harassment need not have been the only reason for the defendants' decision to transfer him.

## COURT'S INSTRUCTION NO. 11

If you find in favor of Plaintiff Lee under Court's Instruction No. 10, then you must answer the following question in the verdict form: Have the defendants proved that they would have transferred Plaintiff Lee regardless of his complaining of racial harassment?

## COURT'S INSTRUCTION NO. 12

If you find in favor of a plaintiff for racial harassment under Court's Instruction No. 5 or Court's Instruction No. 6, then you must award the plaintiff such sum as you find will fairly and justly compensate him for any damages you find he sustained as a direct result of being subjected to a racially hostile work environment. You must determine the amount of any damages sustained by the plaintiff for emotional pain, suffering, mental anguish, and loss of enjoyment of life.

If you find in favor of Plaintiff Lee for retaliation under Court's Instruction No. 10, and if you answer "no" in response to Instruction No. 11, you must award Plaintiff Lee such sum as you find will fairly and justly compensate him for damages you find that he sustained as a direct result of the defendants' decision to transfer him from NYS II to NYS I. Plaintiff Lee's claim for damages includes two distinct type of damages, and you must consider them separately:

First, you must determine the amount of any wages that Plaintiff Lee would have earned at NYS II had he not been transferred through his last day of work on November 7, 2005, minus the amount of earnings that he received at NYS I during that time.

Second, you must determine the amount of damages sustained by Plaintiff Lee for emotional pain, suffering, mental anguish, and loss of enjoyment of life resulting from the retaliation.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

## COURT'S INSTRUCTION NO. 13

If you find in favor of a plaintiff under Court's Instruction No. 5 or Court's Instruction No. 6, or in favor of Plaintiff Lee under Court's Instruction No. 10, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

## COURT'S INSTRUCTION NO. 14

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of a plaintiff under Court's Instruction Nos. 5 or 6, then you must decide whether the defendants acted with malice or reckless indifference to the plaintiff's right not to be subjected to a racially hostile work environment. The defendants acted with malice or reckless indifference if:

> it has been proved that the defendants subjected a plaintiff to a racially hostile work environment knowing that the environment was in violation of the law prohibiting race discrimination, or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that the defendants made a good-faith effort to comply with the law prohibiting race discrimination.

If you find that the defendants acted with malice or reckless indifference to the plaintiff's rights and did not make a good-faith effort to comply with the law, then, in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and others from engaging in such misconduct in the future.

In determining whether to award punitive damages, you should consider whether the defendants' conduct was reprehensible. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendants' conduct that harmed the plaintiff also caused harm or posed a risk of harm to others; and whether

there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How much harm the defendants' wrongful conduct caused the plaintiff. You may not consider harm to others in deciding the amount of punitive damages to award.

2. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendants' financial condition, to punish the defendants for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future;

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

## COURT'S INSTRUCTION NO. 15

You may not return a verdict for a plaintiff just because you might disagree with the defendants' decision or believe it to be harsh or unreasonable. An employer has the right to make subjective personnel decisions for any reason that is not discriminatory or retaliatory.

## COURT'S INSTRUCTION NO. 16

When you retire to deliberate, you will be required to decide six separate lawsuits. Each plaintiff's claim must be considered separately from the claims of the others.

Racial hostility unknown to a plaintiff cannot be used to show that plaintiff's individual damages, but it is relevant to show toleration of racial harassment and whether a reasonable employer should have discovered racial harassment.

## COURT'S INSTRUCTION NO. 17

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone -- including me -- how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this

case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.