# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CORNELIUS BENNETT, ET AL.  \*
        Plaintiffs        \*
VS.        \*
        \*    NO. 3:04CV00291 SWW
NUCOR CORPORATION and    \*
NUCOR-YAMATO STEEL     \*
COMPANY        \*

        Defendants

## ORDER

Before the Court is a motion to intervene (docket entry #272) by Melvin Wright, Jerome Bogan, Johnny Banks, Charles Wells, Jeff Stone, Bruce Henley, Lamar Freeman, Wilson Done, George Reed, Ed Rhodes, Carlos Chambers, Jerry Wilson and Leslie Chalk ("Movants"), seeking to intervene as party plaintiffs for the purpose of appealing the order entered August 26, 2006, denying Plaintiffs' motion for class certification. Defendants Nucor Corporation and Nucor-Yamato Steel Company (collectively "Nucor") have filed a response in opposition (docket entry #283), and the matter is ready for decision. After careful consideration, and for reasons that follow, the motion to intervene will be denied.

Six plaintiffs, current and former employees at Nucor's Blytheville plant, commenced this employment discrimination action, claiming that Nucor discriminated against on the basis of race by way of discriminatory selection, training, and discipline practices and a racially hostile work environment. In addition to pursuing individual claims, the named plaintiffs sought certification of two classes–a "hiring class," composed of individuals who applied for jobs at the

Blytheville plant but were rejected, and a class of current and former employees, who claim that Nucor discriminated against them by way of selection, training, and discipline practices and a hostile working environment.

By order entered August 25, 2006, the Court denied class certification. Plaintiffs filed a petition to appeal that ruling, but the Eighth Circuit denied the petition. Subsequently, the Court dismissed a portion of Plaintiffs' individual claims on summary judgment, and Plaintiffs stipulated to dismissal of a portion of their individual claims. The remaining claims--hostile environment claims by each Plaintiff and a retaliation claim by Defendant Clifton Lee, Sr.-- proceeded to a jury trial.

On October 29, 2008, a jury returned Plaintiffs' verdicts on each hostile environment claim, and the Court entered a final judgment on November 4, 2009. On December 4, 2009, the last day for filing a notice of appeal, Plaintiffs filed a notice of appeal, challenging the Court's orders denying class certification and granting summary judgment in Defendants' favor; and Nucor filed a notice of appeal, challenging the final judgment and several intermediate rulings and orders. Also on December 4, 2009, Movants filed the present motion to intervene for the purpose of appeal, and although they are non-parties, they joined in Plaintiffs' notice of appeal filed the same day.

Movants allege that they are members of the putative hiring and current and former employees classes and that their claims and the claims of the named plaintiffs involve common questions of law and fact. In support of their motion to intervene, filed without a supporting brief, Movants state that absent permission to intervene, they will suffer prejudice "in the event that the original named plaintiffs are held not to be suitable class representatives in light of

having already tried their individual hostile environment claims or in the event that summary judgment of their promotion claims [is] affirmed on appeal." Docket entry #272, ¶ 3. Movants further argue: "Absent intervention to appeal the denial of class certification, the limitations period will expire on each of the applicants-in-intervention if the Court of Appeals were to affirm the denial of class certification because of the absence of any substitute class representative." *Id.*

A putative class member may move to intervene for the purpose of appealing denial of class certification, provided that the motion is timely filed within the time the time for filing a notice of appeal. *See Burkhalter v. Montgomery Ward and Co., Inc.*, 676 F.2d 291, 294 (8th Cir. 1982)(citing *United Airlines, Inc. v. McDonald*, supra, 432 U.S. 385, 374-96, 97 S.Ct. 2464, 2470-71 (1977)). In this case, however, Movants filed the motion to intervene at the same time the parties filed notices of appeal.

Filing a notice of appeal confers jurisdiction on the Court of Appeals and divests the district court of its control over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982). Although the Court finds no Eighth Circuit case directly on point, other appellate courts have concluded that a notice of appeal divests a district court of jurisdiction to decide a motion to intervene for the purpose of appeal. *See Drywall Tapers and Pointers of Greater New York, Local Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Associates Inc.,* 488 F.3d 88, 94 (2d Cir. 2007 ); *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir .1990); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir.1984). Following this line of cases, the Court finds that it lacks jurisdiction to

decide the motion to intervene.[1]

IT IS THEREFORE ORDERED that Movants' motion to intervene (docket entry #272) is DENIED.

IT IS THEREFORE ORDERED THIS 7TH DAY OF JANUARY, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Even if this Court had jurisdiction to consider the motion, Movants have failed to show that their interests might be impaired unless intervention is permitted. In *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464 (1977), the Supreme Court held that intervention after final judgment for the purpose of pursuing an appeal is appropriate when the appeal has been abandoned by the parties to the suit and the intervenor's interest would no longer be protected. In this case, however, the named plaintiffs *have* appealed denial of class certification. Furthermore, in the event that the Eighth Circuit reverses this Court's decision to deny class certification, new class representatives can be substituted in place of the named plaintiffs if necessary. *See Kremens v. Bartley*, 431 U.S. 119, 134-35, 97 S.Ct. 1709, 1717-18, (1977)(remanding for reconsideration of class definition and substitution of class representatives where named plaintiffs' claims have become moot).