**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CORNELIUS BENNETT, ET AL.

                Plaintiffs

VS.

NUCOR CORPORATION and
NUCOR-YAMATO STEEL
COMPANY

                Defendants

NO.  3:04CV00291 SWW

## ORDER

Six plaintiffs brought this employment discrimination lawsuit as a putative class action

against Nucor Corporation and Nucor-Yamato Steel Company (collectively, "Nucor").  The

Court denied class certification, and the majority of Plaintiffs' individual claims were dismissed

on summary judgment or by stipulated dismissal.  The case proceeded to a jury trial, and

Plaintiffs prevailed on remaining hostile work environment claims.  The case is now before the

Court on (1) Nucor's motion for attorney fees (docket entry #316), Plaintiffs' response in

opposition (docket entry #327), and Nucor's reply (docket entry #328) and (2) Plaintiffs' motion

for attorney fees and costs (docket entry #317) and Nucor's response in opposition (docket entry

#326).  After careful consideration, and for reasons that follow, Nucor's motion for attorney fees

is denied, and Plaintiffs' motion for attorney fees and costs is granted in part and denied in part.

## I.  Background

Plaintiffs Cornelius Bennett, Clifton Lee, Sr., Sylvester Rogers, Larry McBride, Rodney

Washington, and Ozzie Green are current or former employees at Nucor's Blytheville plant.

Each plaintiff pursued multiple discrimination claims, charging that Nucor discriminated against

them on the basis of race by way of discriminatory selection, training, and discipline practices and a racially hostile work environment.  Plaintiffs also sought certification of two classes–a "hiring class," composed of individuals who applied for jobs at the Blytheville plant but were rejected, and a class of current and former employees, who claimed that Nucor discriminated against them by way of selection, training, and discipline practices and a hostile working environment.

By order entered August 25, 2006, the Court denied class certification.  Plaintiffs attempted to appeal the certification issue, but the Eighth Circuit denied Plaintiffs' petition to file an interlocutory appeal.  Subsequently, the majority of Plaintiffs' individual claims were dismissed on summary judgment or pursuant to stipulated dismissal.

The remaining claims--hostile environment claims by each Plaintiff and a retaliation claim by Plaintiff Clifton Lee, Sr.--proceeded to a jury trial.  On October 29, 2008, a jury returned verdicts in Plaintiffs' favor on each hostile environment claim and awarded each plaintiff $200,000 in damages.  The jury returned a defendant's verdict as to Lee's retaliation claim.  The following chart sets forth the disposition of Plaintiffs' individual claims:

| Cornelius Bennet | hostile work environment | jury verdict for Plaintiff, awarding $100,000 compensatory damages and $100,000 punitive damages |
| --- | --- | --- |
| | failure to promote-disparate treatment theory | dismissed on summary judgment |
| | failure to promote-disparate impact theory | dismissed on summary judgment |
| | wrongful transfer-disparate treatment | stipulated dismissal, each party to bear own costs |

| | retaliation | dismissed on summary judgment |
|---|---|---|
| Sylvester Rogers | hostile work environment | jury verdict for Plaintiff, awarding $100,000 compensatory damages and $100,000 punitive damages |
| | failure to promote-disparate impact theory | dismissed on summary judgment |
| | failure to promote-disparate treatment theory | dismissed on summary judgment |
| | failure to train-disparate treatment | dismissed on summary judgment |
| | retaliation | stipulated dismissal, each party to bear own costs |
| Rodney Washington | hostile work environment | jury verdict for Plaintiff, awarding $100,000 compensatory damages and $100,000 punitive damages |
| | failure to promote-disparate impact theory | dismissed on summary judgment |
| | failure to promote-disparate treatment theory | dismissed on summary judgment |
| | failure to train–disparate treatment | dismissed on summary judgment |
| | discriminatory discharge | dismissed on summary judgment |
| | retaliatory discharge | dismissed on summary judgment |
| Clifton Lee | hostile work environment | jury verdict for Plaintiff, awarding $100,000 compensatory damages and $100,000 punitive damages |
| | failure to promote-disparate impact theory | dismissed on summary judgment |

|  | failure to promote-disparate treatment theory | stipulated dismissal, each party to bear own costs |
|---|---|---|
|  | failure to train | dismissed on summary judgment |
|  | wrongful transfer | stipulated dismissal, each party to bear own costs |
|  | retaliation | jury verdict for Defendant |
| Ozzie Green | hostile work environment | jury verdict for Plaintiff, awarding $100,000 compensatory damages and $100,000 punitive damages |
|  | failure to promote-disparate impact theory | dismissed on summary judgment |
|  | failure to promote-disparate treatment theory | dismissed on summary judgment |
|  | retaliation | dismissed on summary judgment |
|  | failure to train | stipulated dismissal, each party to bear own costs |
| Larry McBride | hostile work environment | jury verdict for Plaintiff, awarding $100,000 compensatory damages and $100,000 punitive damages |
|  | failure to promote-disparate impact theory | dismissed on summary judgment |
|  | failure to promote-disparate treatment theory | dismissed on summary judgment |
|  | failure to train | dismissed on summary judgment |
|  | retaliation | dismissed on summary judgment |

After trial, the parties appealed and cross-appealed, and in an opinion issued September

22, 2011, the Eighth Circuit affirmed.  On September 2, 2011, the parties filed cross motions for

attorney fees and costs, but asked the Court to suspend the deadline for responses pending the

Supreme Court's rulings on petitions for certiorari.  The Supreme Court denied Nucor's petition

on March 23, 2012 and denied Plaintiffs' petition on April 2, 2012.  Subsequently, the parties

filed responses and replies to the motions for attorney fees and costs, and those motions are now

ready for decision.

## II.  Plaintiffs' Motion for Attorney Fees

Plaintiffs petition the Court for $2,447,732.75 in attorney fees.  The request is based on

4,732.11 hours of work by six plaintiff attorneys, whose proposed hourly rates range from $250

to $625, plus 1,621.93 hours of paralegal work, at a rate of $125 per hour.   Nucor does not

dispute that Plaintiffs qualify as the prevailing parties in this case with respect to a portion of

their claims.  However, Nucor argues that Plaintiffs' fee request is based on excessive hourly

rates, almost double the highest rates charged for similar work in this jurisdiction, and they

maintain that Plaintiffs seek fees for time spent on matters unrelated or unnecessary to the

prosecution of Plaintiffs' successful claims.

In its discretion, the Court may award reasonable attorney fees to a party prevailing on a

claim brought under Title VII.  *See* 42 U.S.C. § 2000e-5(k).  "'[T]he fee applicant bears the

burden of establishing entitlement to an award and documenting the appropriate hours expended

and hourly rates.'"  *Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir. 2002)(quoting

*Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933 (1983)).  The procedure used in

calculating attorney fees is to compute the base "lodestar" figure by multiplying the number of

hours reasonably expended by the reasonable hourly rates.  *Id*.

*Reasonable Hourly Rate*.   "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated."   *Id.*(citing *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001)).   The "requested rates [should be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."   *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 1547-48 n.11 (1984). Factors particularly relevant in determining a reasonable rate include the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained.   *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098 (1986).

Plaintiffs seek attorney fees based on hourly rates and hours expended as follows:

|  | Hourly Rate | Hours | Total Fee |
|---|---|---|---|
| Robert L. Wiggins, Jr. | $625 | 1,658.05 | $ 1,036,281.20 |
| C. Michael Quinn | $625 | 242.5 | $    151,562.50 |
| Ann K. Wiggins | $525 | 1,270.03 | $    666,765.75 |
| Associate Attorneys | $250 | 1,561.53 | $    390,382.50 |
| Paralegals | $125 | 1,621.93 | $    202,741.25 |
|  |  | Total | $ 2,447,733.20 |

In support of the proposed hourly rates, Plaintiffs present the affidavits of Joe Whatley, Jr. and William J. Baxley, attorneys from Alabama, who opine that the proposed rates are reasonable.[1]   Plaintiffs also present the affidavit of one of their lead attorneys in this case,

---

[1]*See* docket entry #317, Exs. B, C.  Whatley has prosecuted individual and class action employment discrimination cases for over thirty years, and he has served as president the Birmingham Federal Bar Association and the labor and employment section of the Alabama Bar Association.  Whatley testifies that he is very familiar with the experience, expertise, and reputation of attorneys Robert L. Wiggins, C. Michael Quinn, and Ann K. Wiggins, and he considers them among the best class action and employment/labor law attorneys in the country.

Robert L. Wiggins, Jr.   Wiggins is a member of the law firm of Wiggins Childs Quinn &
Pantazis, which is headquartered in Birmingham, Alabama and specializes in employment-
related class actions and litigation.  Wiggins, who has prosecuted employment discrimination
cases for 36 years, reports that in 2009, a United States District Judge in Virginia found that a
reasonable hourly rate for his time was $550.  Since then, Wiggins's hourly rate has increased to
$625.

Wiggins states that Ann K. Wiggins has 25 to 30 years of experience, and her normal
hourly fee is $450,[2] and that his law firm's hourly rate for associate attorneys with 3 to 6 years of
experience is $250 to $275.   According to Wiggins, an annual survey conducted by the National
Law Journal shows that Plaintiffs' proposed hourly rates are commensurate with  those of
lawyers with similar experience, handling complex litigation on a national basis.

Wiggins states that  this case required time, skill, and effort greater than that required in
routine cases, and he points out that his firm prosecuted Plaintiffs' claims on a contingency-fee
basis and took on the risk of bearing the expense of litigation.

A reasonable hourly rate general means the ordinary fee for similar work in the local
community.  The Court is unaware of an employment discrimination case in this local
community in which plaintiff's counsel charged hourly rates of $625.  *See Fuller v. Fiber Glass
Systems, LP,*  618 F.3d 858, 868 (8th Cir. 2010)(finding no abuse of discretion where trial court

---

Baxley testifies that the skill, experience, and reputation of Plaintiffs' counsel merit the
hourly rates requested.  Baxley further testifies that the requested rates are reasonable because
the payment of any fee was contingent on winning the case and because of the substantial delay
involved in the payment of attorney fees.  According to Baxley, few law firms would be willing
or able to fund a case similar to this.

[2]The Court notes that Plaintiffs seek an hourly rate of $525 for Ann K. Wiggins.

*sua sponte* reduced hourly rate from $250 to $225 in employment discrimination case); *Jackson v. Bauxite School Dist.*, No. 4:08CV03610 WRW, 2010 WL 3522391, at *1 (E.D. Ark. Sept. 2, 2010)(approving hourly rates in Title VII case of $150, $175, and $250); *Dominic v. DeVilbiss Air Power Co.,* No. 05-5016, 2006 WL 516847, at *4 (W.D. Ark. March 2, 2006)(approving hourly rates in Title VII case of $160 and $200); *Ware v. Little Rock School Dist.*, No. 4:04CV01014 JMM, 2007 WL 2258691, at *4 (E.D. Ark. Aug. 3, 2007)(approving hourly rate in Title VII case of $185); *Brooks v. Little Rock School Dist.*, No. 4:07CV00453 GTE, docket entry #38 (motion for attorney fees in employment case by attorneys of leading Little Rock law firm, charging hourly rates of $350, $275, and $260, respectively, while paralegals charged $90).

"[R]ates are not limited to those prevailing in a local community where those rates would not be 'sufficient to attract experienced counsel' in a specialized legal field." *Little Rock School Dist. v. Arkansas*,  674 F.3d 990, 997 (8th Cir. 2012)(citing *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993)).  "In such a case, '[a] national market or a market for a particular legal specialization may provide the appropriate market.'" *Id.*   Here, Wiggins opines that non-contingent hourly rates normally charged in the local market are not structured to account for the type of difficulties and disincentives encountered in this case.[3]  According to Wiggins, protracted civil rights cases such as this are viewed as undesirable by most members of the bar because (1) the plaintiff almost always lacks the financial resources to prosecute or pay for routine expenses and attorney fees, (2) many cases are lost without compensation, (3) considerable time can pass

---

[3]Nucor correctly notes that it is improper to engraft a contingency enhancement onto the lodestar model for determining a reasonable fee.  *See Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643 (1992)(holding that enhancement for contingency is not permitted under federal fee-shifting statutes).

before any attorney fee award is considered, (4) attorneys run the risk of being "typecast" in the role of a "civil rights" attorney, which reduces offers of more remunerative work,[4] and (5) many people have a strong aversion to a lawyer who vigorously prosecutes civil rights cases.

In this Court's experience, there are several experienced local attorneys, including attorneys in northwest Arkansas, with excellent legal skills, who willingly and regularly serve as counsel in complex civil rights and employment discrimination cases, including class actions. *See Hanig v. Lee* 415 F.3d 822, 825 (8th Cir. 2005)("When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."). Furthermore, Plaintiffs provide no evidence that they sought and were unable to engage local counsel in northwest Arkansas to represent them in this case. *See Avalon Cinema Corp. v Thompson*, 689 F.2d 137, 140-1 (8th Cir. 1992)(quoting *Donaldson v. O'Connor*, 454 F. Supp. 311, 315 (N.D. Fla. 1978)("If 'a plaintiff can show he has been unable through diligent, good faith efforts to retain local counsel, attorney's fees . . . are not limited to the prevailing market rate where the case is tried.'").

Plaintiffs' counsel demonstrated excellent legal skills throughout this litigation, and they pursued Plaintiffs' claims with diligence and vigor.  However, the Court finds that an hourly rate of $625 is clearly outside the bounds of reasonable rate for this local market and that a local attorney possessing similar experience and skill would command an hourly rate of  $375. Accordingly, the Court finds that the following hourly rates are reasonable in this case:

Robert L. Wiggins, Jr.          $375

---

[4]Nucor reports that the advertising website for Wiggins Childs Quinn & Pantazis reveals that the firm proudly proclaims its status as a champion for civil rights and one of the leading civil rights firms in Alabama and nationwide.  *See* docket entry #326, at 11, Ex. B.

| | |
|---|---|
| C. Michael Quinn | $375 |
| Ann K. Wiggins | $350 |
| Associate Attorneys | $250[5] |
| Paralegals | $125 |

*Hours Reasonably Expended*.  "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where documentation of hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1439 (1983).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Id.*

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the award of a reasonable fee."  *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943.  In this case, Plaintiffs' hostile environment clams were discrete claims based on facts and legal theories separate and apart from Plaintiffs' unsuccessful claims.  Accordingly, work on Plaintiffs' unsuccessful claims, which significantly outnumber the successful claims, cannot be deemed hours reasonably expended.

Along with his affidavit, Wiggins submits a lengthy itemization of hours and expenses, comprising 150 pages. Wiggins testifies that the itemization includes only those hours expended and costs incurred "related to the plaintiffs' hostile environment claims or that contributed to prevailing on such claims."  Wiggins Aff., ¶3.  Wiggins reports that time spent "exclusively" on claims unrelated to Plaintiffs' hostile work environment claims is not included in the itemization.

---

[5]Nucor states no objections to Plaintiffs' proposed hourly rates for associate attorneys and paralegals.

However, Wiggins acknowledges that "time spent partially on such claims, or that would have been necessary even in the absence of such claims, has been apportioned and billed according to the degree that such work contributed to prevailing on plaintiffs' hostile work environment claims."  Wiggins Aff., ¶ 4.

The vast majority of entries set forth in the itemization provide no clue as to  whether the hours expended had a connection to Plaintiffs' hostile environment claims, and many indicate that the work related to the case as a whole.  For example, the first entry, dated January 6, 2004 for Robert L. Wiggins states: "Review case and work on letter to Sanford and Morris; draft in-house memo; draft memo; draft letter; in-house meeting on case and next assignments." Wiggins spent three hours performing the foregoing tasks, for a total of $1,875 in fees.    The Court has no objective method for checking the accuracy of Wiggins's assertion that the hours listed are related to Plaintiffs' hostile environment claims.

Nucor provides a detailed analysis regarding hours included in the itemization statement, which indicates that many of the hours claimed were either unnecessary or unrelated to the prosecution of Plaintiffs' hostile work environment claims.  For example, Nucor created charts documenting the portion of deposition testimony related to hostile work environment claims. Based on the data compiled, Nucor maintains that Plaintiffs submit 657.35 hours for deposition time related to Plaintiffs' unsuccessful claims.  Nucor urges additional reductions totaling approximately 3,136.93 hours expended on items such as Plaintiffs' declarations, expert witnesses, class certification issues, failure-to-promote claims, unnecessary document review, and attorney depositions.

The data provided by Nucor demonstrates that Plaintiffs seek a fee award for time that

was not reasonably expended on Plaintiffs' successful claims.  However, the Court will not

attempt the impossible task of identifying specific hours that should be eliminated.  Instead, the

Court will reduce the hours worked by 50% to account for time unrelated or unnecessary to

Plaintiffs' successful claims. *See Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941("The district court

may attempt to identify specific hours that should be eliminated, or it may simply reduce the

award to account for limited success.").  Accordingly, the Court will award attorney fees as

follows:

|  | Hourly Rate | Hours | Total Fees |
|---|---|---|---|
| Robert L. Wiggins, Jr. | $375 | 829 | $ 310,875 |
| C. Michael Quinn | $375 | 242.5[6] | $ 90,938 |
| Ann K. Wiggins | $350 | 635 | $ 222,250 |
| Associate Attorneys | $250 | 781 | $ 195,250 |
| Paralegals | $125 | 811 | $ 101,375 |
|  |  | Total Award | $ 920,688 |

### III.  **Plaintiffs' Motion for Costs**

Rule 54(d) of the Federal Rules of Civil Procedure "codifies the presumption that ... costs

will be awarded to prevailing parties."  *Police Retirement Sys. v. Midwest Inv. Advisory* Serv.,

940 F.2d 351, 358-59 (8th Cir. 1991).   Rule 54(d)(1) provides that a prevailing party shall be

allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal

statute or other rules provide for costs.  Title 28 U.S.C. § 1920 defines the expenses that may be

taxed as costs under Rule 54(d)(1).  These include (1) fees of the clerk and marshal; (2) fees of

---

[6]The Court has not reduced hours reported by Quinn because Plaintiffs' itemization
shows that his reported time related solely to trial work.

the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Plaintiffs submit a bill of expenses and costs totaling $285,229.93.  *See* docket entry #317, Ex. A at 174.  Wiggins testifies that the bill includes only 50% of expenses incurred for paralegal time, travel and other deposition expenses, photocopy bills, Westlaw research costs, and "bills paid to Drs. Bradley and Fox."  Wiggins Aff., ¶ 23.

Nucor asserts that many of the expenses itemized in Plaintiffs' bill are not recoverable. First, Nucor notes that computer-aided research is a component of attorney fees and cannot be taxed as a cost.  *See Standley v. Chilhowee R-IV School Dist*. 5 F.3d 319, 325 (8th Cir. 1993). Accordingly, counsel's computer-assisted research expenses totaling $38,704.09 are not recoverable.

Second, Nucor asserts that the following expenses included in Plaintiffs' bill are not the sort that would be passed on to a client and are thus unrecoverable:

| | |
|---|---|
| Expenses for press releases | $ 2,580 |
| Certificates of Good Standing | $ 140 |
| Telephone expenses | $ 203.48 |
| Office Supplies | $ 1,016.40 |
| Unspecified printing | $ 686.80 |
| Publications | $ 29.46 |

The Court agrees that $2,580 in expenses for "Hare Communications Press Releases" are not recoverable.  However, the Eighth Circuit has held that *pro hac vice* fees are recoverable under § 1920, and the Court finds that expenses for certificates of good standing, which counsel

submitted in support of their motions to appear *pro hac vice* are also recoverable.  *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).  Additionally, the Court finds that telephone and office supply expenses are reasonable out-of-pocket expenses normally charged to clients.  As such, they will be allowed.  *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir.1996).   The Court agrees that $29.46 for "publications" is not recoverable.

Third, Nucor reports that Plaintiffs seek reimbursement for travel expenses totaling $3,279.14, which Plaintiffs submit were  incurred in *Brown v. Nucor*, a case filed in the District of South Carolina.  Nucor provides no evidence supporting this contention.  Travel expenses are not specifically authorized under Rule 54(d) or § 1920.  However, the Eighth Circuit has held that a reasonable attorney fee includes reasonable out-of-pocket expenses incurred by an attorney, which are normally charged to a fee-paying client.  *See Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir.2008).  Accordingly, the availability of attorney fees permits a prevailing party to recover certain expenses that are not enumerated under § 1920.   Because travel expenses are otherwise recoverable, and Nucor presents no evidence showing that the travel expenses sought were related to another litigation, the Court finds that the expenses are recoverable.

Fourth, Nucor contends that many of the costs and expenses sought, particularly photocopy expenses, are "just plain excessive" in light of Plaintiffs' limited success.  "When an expense is taxable as a cost, however, there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002)(quoting *In re Paoli*, 221 F.3d at 462, 468 (3rd Cir. 2000)).   "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id*.  Here,

14

Wiggins testifies that approximately 50% of the photocopy expenses were related to Plaintiffs'

successful claims, and Plaintiffs seek only half of their total photocopy expenses.  Nucor

maintains that $50,213.24 in photocopy expenses is "outrageously excessive," but the Court

finds that Nucor has failed to show that recovery of the expenses would be inequitable.

Fifth, Nucor argues that Plaintiffs' counsel submitted significant expenses that were not

necessary to litigation of Plaintiffs' hostile environment claims.  Plaintiffs seek reimbursement

for expert witness fees, but Plaintiffs submitted no expert testimony in support of their hostile

environment claims.  The Court agrees that $95,865.65 in expert fees for "quantitative research"

is not recoverable.  Nucor also seeks elimination of a portion of the deposition expenses

submitted--including $4,864.92 in expenses submitted for depositions taken in *Brown v. Nucor*,

and $3,192.17 in expert deposition expenses.  The Eighth Circuit has interpreted § 1920(2) to

allow the costs of taking and transcribing depositions  necessarily obtained for use in a case.  *See*

*Slagenweit v. Slangenweit*, 63 F.3d 719, 721  (8th Cir. 1995).  The Court finds that expert

depositions were unnecessary to the prosecution of Plaintiffs' hostile environment claims and

will therefore deduct those expenses.

Finally, Nucor objects to several items listed in the bill of costs, which they claim are not

adequately described and shown to be related to successful claims:

| | |
|---|---|
| Color Copies | $ 170.25 |
| Fax | $ 798.00 |
| Federal Express | $ 1,279.80 |
| Mileage Expense | $ 1,655.35 |
| Photocopy | $ 50,213.24 |
| Postage | $ 935.25 |
| Print | $ 686.80 |
| Scanning | $ 283.40 |
| Transcript Expense | $ 4,200.31 |

Robert Wiggins Reimbursement        $ 1,361.17

The Court finds that charges for color copies, faxes, federal express, photocopy, postage, print, scanning, and transcript expenses, which are listed individually in the bill of costs, are recoverable.  However, the Court agrees that neither the bill of costs itemization nor Wiggins's affidavit provide a basis for determining whether general charges for "mileage expenses" and "Robert Wiggins Reimbursement" are recoverable.  Accordingly, those charges, which total $3,016.52, will be excluded from the award.   Based on the foregoing findings, the Court will award Plaintiffs $136,977.12 in costs.

## IV. Nucor's Motion for Attorney Fees

Nucor seeks an award of attorney fees under § 2000e-5(k), asserting that it was the prevailing party with respect to the majority of Plaintiffs' claims.  Nucor further asserts that Plaintiffs' putative class actions claims and disparate treatment claims, which were dismissed on summary judgment or "voluntarily abandoned at the eleventh hour," were frivolous.

A court may award a prevailing defendant attorney fees under Title VII only if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."  *See Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 994 (8th Cir. 2003)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694 (1978)).  Although Plaintiffs did not prevail on the majority of claims they pursued, the Court cannot say that Plaintiffs' unsuccessful claims were baseless, frivolous, or pursued in bad faith.  Furthermore, although Plaintiffs were not successful on all claims, the resolution of their hostile environment claims changed the legal relationship between the parties, and the Court finds that Plaintiffs, not Nucor, are properly deemed the prevailing parties in this case.

16

Accordingly, Nucor's motion will be denied.

### V.   Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion for attorney fees and costs (docket entry #317) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that attorney fees be awarded to Plaintiffs in the amount of $920,688.

IT IS FURTHER ORDERED that costs be awarded to Plaintiffs in the amount of $136,977.12.

IT IS FURTHER ORDERED that Defendants' motion for attorney fees (docket entry #316) is DENIED.

IT IS SO ORDERED THIS 10TH  DAY OF SEPTEMBER, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE